Marian Kay USSERY, a Minor et al.,
Appellants,

v.

EWELL HODGES, INC., et al., Appellees.

Ira D. USSERY et ux., Appellants,

v.

EWELL HODGES, INC., et al., Appellees.

Nos. 285, 286.

Court of Civil Appeals of Texas.

Tyler.

June 29, 1967.

Rehearing Denied July 20, 1967.

Brown, Kronzer, Abraham, Watkins & Steely, W. James Kronzer and Frank T. Abraham, Houston, for appellants Ussery.

Strasburger, Price, Kelton, Martin & Unis, Royal H. Brin, Jr., Arthur M. Albin, Dallas, for appellants Conaway and Smith.

Johnson, Hathaway & Jackson, Thomas W. Hathaway and Ben Johnson, Tyler, for appellees Hodges and Vandekop.

Ramey, Brelsford, Flock & Devereux, Donald Carroll and Michael A. Hatchell, Tyler, for appellees Thornton and Swann Furniture Co.

SELLERS, Justice.

This suit was instituted for personal injuries to Mr. and Mrs. Ira D. Ussery and their minor children, Marian Kay Ussery and Barbara Ann Burns, received when the Volkswagen in which they were riding was struck from the rear by a large Mack truck owned by Ewell Hodges, Inc. and operated by its employee, Peter Albert Vandekop. The Volkswagen belonged to Horace Smith, Inc., an automobile dealership, and the Usserys were trying it out as prospective purchasers. James T. Conaway, a salesman

employed by Horace Smith, Inc., was sitting beside Mrs. Ussery, who was driving, and Mr. Ussery and the children were in the back seat.

A pickup truck owned by Swann Furniture Company and driven by its employee, Leonard B. Thornton, was between the Volkswagen and the Mack truck as the three vehicles proceeded in a Westerly direction on Highway No. 64 prior to the accident.

Mrs. Ussery slowed down gradually and turned to the right to enter the broad entrance leading to a motel, and Thornton likewise pulled to the right and entered the driveway of the motel. Vandekop, in the Mack truck, then collided with the Volkswagen.

The Ussery family brought this suit against Ewell Hodges, Inc., Vandekop, and Thornton. Ewell Hodges, Inc. and Vandekop filed a third-party complaint complaining of Thornton and Swann Furniture Company and also Conaway and Horace Smith, Inc.

The jury found that Vandekop was guilty of negligence in following too closely and in failing to properly apply his brakes, and that each of those grounds of negligence was a proximate cause of the accident. There was no finding of causative negligence on the part of Horace Smith, Inc., Conaway, Swann Furniture Company, or Thornton. The jury found one ground of causative negligence against Mrs. Ussery— failure to give a signal of her intention to make a right turn continuously for at least one hundred feet.

On this verdict, the District Court awarded the minors, Marian Kay Ussery, $90,-000.00, and Barabara Ann Burns, a $2,000.-00 judgment against Vandekop and Ewell Hodges, Inc., but did not include in the judgment the medical and hospital expenses incurred for the minors from the date of the accident until time of trial, the amount of which was agreed to; nor such expenses which the jury found would be required in

the treatment of Marian Kay Ussery from the time of trial until she reached twenty-one years of age ($20,000.00), and denied any recovery to Mr. and Mrs. Ussery although the jury found $5,000.00 for Mrs. Ussery and $7,500.00 for Mr. Ussery. The trial court's judgment awarded Vandekop and Ewell Hodges, Inc. contribution from Conaway and Horace Smith, Inc. in the amount of one-half of the recovery against them. From this judgment, Vandekop and Ewell Hodges, Inc. did not appeal.

■ Conaway, Horace Smith, Inc., and all of the Usserys have appealed, variously raising a number of points of error; however, one point was raised by all appellants which, in our view, becomes determinative of the entire case. It is that under this record the finding that Mrs. Ussery's failure to give a signal was a proximate cause of the accident was not supported by any evidence of probative force. It is doubtful that there is any evidence beyond a scintilla that Mrs. Ussery failed to give a turn signal. There is direct and positive testimony by both Mr. Ussery and Conaway that she did turn on the right-turn signal light. Mrs. Ussery had no recollection of the facts of the accident and no one testified affirmatively to the absence of a signal. Thornton saw a light on the right rear corner of the Volkswagen but didn't know whether it was a turn signal or the brake light. Vandekop testified that he could not see the Volkswagen because of the pickup truck in between until the pickup turned out to the right immediately before the collision so that he could not have seen a signal being given before the turn, if there was one.

However, assuming that no proper signal was given, we hold that there is no evidence of probative force in the record to support a finding that such failure was a proximate cause of this accident. The only witnesses whose testimony is relevant in this connection are Vandekop and Thornton. Vandekop's testimony was that because of the pickup truck in between, he could not see the Volkswagen until the pickup turned to

the right "just slightly before the impact"; that the Volkswagen "immediately made a turn to the right also" and that this was "just a split second" before the collision. Thus, according to his own testimony, he could not have seen any signal given by Mrs. Ussery until immediately before the collision when he was as little as thirty feet away with no more than a "split second" left and with everything happening "in practically a flash." A signal could not have affected his actions or enabled him to prevent the accident in view of his testimony that he was going about forty miles per hour and that it would probably take 150 feet to stop the truck at that speed. (In his deposition, he had testified that it would take 250 feet, not including reaction of another 25 feet.) Since his own estimate of the distance of the Volkswagen when he first saw it was from 30 feet to, at the most, 60 feet, it is clear from his own testimony that no signal would have enabled him to stop or otherwise avoid the accident. Moreover, when the Volkswagen did come into Vandekop's view, he actually observed that it began turning to the right so that a signal would not have added to his knowledge or caused him to do anything different than he did in the fraction of a second available.

Vandekop himself did not attribute the accident to the failure of Mrs. Ussery to give a signal, and on examination by his own counsel recognized that when there is a line of cars of two or more in succession "you must rely on the car in front of you to drive and signal as to what is happening in front." Likewise, there is no evidence that Thornton would have acted any differently if there had been a signal from Mrs. Ussery, since he testified that he was conscious as soon as he became aware of the Volkswagen that it was slowing down and "in the process of preparing to make a right turn into the motel driveway", and when he first noticed it "it was turning to the right and slowing very rapidly, yes, sir." He testified that he could and would have brought his pickup truck to a complete stop if necessary and would have been able to avoid collision with any part of the Volkswagen but turned to the right only because he was afraid that the Mack truck would hit him. He testified that he was "aware of the movement of the Volkswagen automobile sufficiently" to appraise and acquaint himself "with the fact that she was obviously angling into and making a turn into the motel driveway." While, of course, he could not have had positive knowledge of what the Volkswagen was going to do, he believed it was going to turn to the right and acted on the assumption, and testified that it "would have made no difference one way or the other" whether her signal had been on for 150–200 feet or not.

Thornton testified that just before he turned off to the right, he looked in his rear-view mirror and "I saw a mirror full of radiator of that truck." He turned aside not because of any sudden action of the Volkswagen, but because he was afraid that the Mack truck would hit him, stating that when he saw it looming in his rear-view mirror "I realized I had to get out of the way, I was fixing to be run over and immediately got on my accelerator as I cut my wheels back to the right." His testimony also includes the following:

"Q  Did you look in the mirror and see the truck or did you actually at the time turn around and look at the truck?

"A  Through my rear-view mirror.

"Q  Were you or not concerned with its presence there behind you?

"A  Yes, sir.

"Q  I believe you told us that that was the reason that you made the turn off the highway.

"A  Yes, sir.

"Q  Did you actually look at it for a matter of a couple of seconds or so just before turning off?

"A  No, sir.

"Q How did you look at it?

"A Just through my rear-view mirror.

"Q Did you look at it sufficiently for a couple of seconds or so to determine whether or not you needed to turn off and get out of its way?

"A When I saw it in my rear-view mirror, I knew then I had to get out of the way.

"MR. JOHNSON:

"We renew our objections to that testimony as being a conclusion of the witness.

"THE COURT: Overrule.

"MR. ALLEN:

"Q Judging and knowing from the speed at which you were traveling and the speed at which the Volkswagen ahead of you was traveling, assume, if you will, Mr. Thornton, that the Volkswagen had brought itself to a stop there ahead of you, could you or could you not from the position you were in behind it, and at the speed that you were traveling behind it, have likewise brought your pickup to a stop?

"A Yes, sir.

"Q Without hitting the Volkswagen?

"A Yes, sir."

There is no evidence at all in the record to indicate that a turn signal would have caused Thornton to do any act any differently or that any such different action on his part whatever it might be speculated to be would have led Vandekop to have taken some action which would have avoided the collision.

We recognize that proximate cause is ordinarily a question of fact for the jury; however, it may become a question of law when the evidence is such that reasonable minds could not differ. The causal connection must be established beyond the point of conjecture. Bowles et al. v. Bourdon et al., 148 Tex. 1, 219 S.W. 2d 779, 13 A.L.R.2d 1; Hopson v. Gulf Oil Corp., 150 Tex. 1, 237 S.W.2d 352. Mere surmise or speculation is not sufficient. As the Supreme Court stated in Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059,

"* * * though there be slight testimony, if its probative force be so weak that it only raises a mere surmise or suspicion of the existence of the fact sought to be established, such testimony, in legal contemplation, falling short of being 'any evidence'; * * *."

Hill v. W. E. Brittain, Inc., Tex.Civ.App., 405 S.W.2d 803; Freeman v. Harkrider, Tex.Civ.App., 320 S.W.2d 238; Rounsaville v. Bullard, 154 Tex. 260, 276 S.W.2d 791.

Particularly pertinent here is Dobson v. Gulf Supply Co., Inc., Tex.Civ.App., 399 S.W.2d 882. The jury finding of failure to give a stop signal and proximate cause there are parallel to the finding of failure to give a turn signal and proximate cause here. The Court there first states:

"Appellees contend that the fact Anderson testified he didn't see appellant's brake lights come on although he was looking at her car, is some evidence that the lights did not come on. We do not agree in view of Anderson's testimony as a whole. His statement that he imagined appellant's brake lights came on, coupled with his testimony that he did not pay that much attention, clearly indicates that he didn't know or remember what happened. Furthermore, there is no testimony by Anderson that he would have seen appellant's brake lights had they come on or that he could have seen appellant's brake lights from his position in the truck while following about three feet behind appellant's car. The fact that he was looking at appellant's automobile constitutes no evidence more than a scintilla that he was also looking at her brake lights."

Then the Court went on to hold that even assuming that the brake lights did not come on and that there was no signal of intention to stop, as a matter of law, that could not have been a proximate cause since it would have added nothing to the truck driver's knowledge beyond what he observed by watching the car itself, and since he would not have had time to do anything to avoid the accident if the brake lights had come on:

"If we assume without any proof thereof, that appellant's brake lights did not come on, such failure would not constitute a proximate cause of the collision in question in view of the fact that according to the testimony of appellee Anderson his truck was only three feet or thereabouts behind appellant's automobile. Nothing would have been accomplished by the brake lights coming on, since according to Anderson he was looking directly at appellant's automobile and applied the truck brakes immediately when appellant's car suddenly stopped. In following about three feet behind appellant's car he was too close thereto to stop regardless of the illumination or lack of illumination of appellant's brake lights. Hence the finding of the jury that appellant's failure to give a warning was a proximate cause of the collision is, for such reason also, not supported by any evidence of probative force."

■■■ The element of proximate cause missing here is that of "cause in fact." For proximate cause to exist, there must be both causation in fact and foreseeability. The act or omission must be one but for which the accident or injury would not have occurred. Jennison v. Darnielle, Tex. Civ.App., 146 S.W.2d 788; Watkins v. Davis, Tex.Civ.App., 308 S.W.2d 906; McCauley v. Lasher, Tex.Civ.App., 368 S.W. 2d 49; Parker Food Stores, Inc. v. Pierce, Tex.Civ.App., 374 S.W.2d 699. Proximate cause cannot be established by mere conjecture or guess. Leatherwood Drilling Company v. TXL Oil Corp., Tex.Civ.App.,

379 S.W.2d 693; Paris & G. N. Ry. Co. v. Stafford, Tex.Com.App., 53 S.W.2d 1019; Western Telephone Corp. of Texas v. McCann, 128 Tex. 582, 99 S.W.2d 895; Phillips Petr. Co. v. West, Tex.Civ.App., 284 S.W.2d 196.

In Gause-Ware Funeral Home v. McGinley, Tex.Civ.App., 21 S.W.2d 347, the failure of a driver to give a signal of his approach to an intersection was held as a matter of law not to constitute a proximate cause of the accident because the opposite party had seen the approach of the vehicle. Likewise, Dallas Railway & Terminal Co. v. Walsh, Tex.Civ.App., 156 S.W.2d 320, affirmed 140 Tex. 385, 167 S.W.2d 1018, held that if the bus driver failed to keep a proper lookout, such negligence, as a matter of law, was not a proximate cause of the accident. The Court said:

"* * * A proximate cause must, first of all, be a cause. There was a total absence of any evidence to show that had the driver of the bus kept a proper lookout, he could have seen the approach of the ambulance before the time which, according to the uncontroverted evidence, he did see it. There was a high hedge intervening, neither through which, nor over it, could the bus driver see the ambulance until he was entering the intersection. Hence, as a matter of law, we think any failure to keep a proper lookout is affirmatively shown not to have caused the injuries."

The intervening hedge there is similar to the intervening pickup here. In view of our holding that there is no probative evidence that failure of Mrs. Ussery to give a turn signal was a proximate cause of collision, it is unnecessary to pass upon the other points of error asserted. Since the one ground of negligence proximately causing the accident found against Mrs. Ussery cannot stand, Mr. and Mrs. Ussery are entitled to recover from Ewell Hodges, Inc. and Vandekop for their own personal injuries. The medical expenses of the minors from the date of the accident until

the time of trial and of the minor, Marian Kay Ussery, from the time of trial until reaching the age of twenty-one (21) years are likewise recoverable.

Since the recovery for contribution against Horace Smith, Inc. and Conaway was based solely upon imputation of Mrs. Ussery's negligence to them, it cannot stand.

Therefore, the judgments below are affirmed in part, and reversed and rendered in part in accordance with what has been herein held, and all costs in the court below and of this appeal will be taxed against the appellees, Ewell Hodges, Inc. and Vandekop.