**B. M. & R. INTERESTS, Appellant,**

**v.**

**Don O. SNYDER, Individually and as Next
Friend for Kimberly K. Snyder,
Appellee.**

**No. 480.**

Court of Civil Appeals of Texas,
Tyler.

April 23, 1970.

Rehearing Denied May 7, 1970.

Spruiell, Lowry, Potter, Lasater & Guinn, John H. Minton, Jr., Tyler, for appellant.

Johnson, Hathaway & Jackson, Ben Johnson, Tyler, for appellee.

DUNAGAN, Chief Justice.

This suit originated in the 114th District Court of Smith County, Texas, by the appellee, Don O. Snyder, against appellant, B. M. & R. Interests, seeking to recover damages for injuries received by Kimberly K. Snyder, a minor, as a result of a fall from a swimming pool slide situated at an apartment complex owned and operated by appellant.

From the record it appears that on June 9, 1965, Kimberly, a child three and one-half years of age, was at the pool area together with her mother and sister, and Kimberly and the sister were using the swimming pool slide provided by appellant for use by children at the shallow end of the pool. The slide was designed so that all four legs would be anchored to the concrete upon which it stands; this slide had been so anchored at one time. However, at some time prior to the date of the accident, the footing of both back legs had become loose. While on the steps of the slide, Kimberly fell, the little finger of her left hand catching in a "v" formed by the hand rail and one leg of the slide, severing the finger from her hand.

Appellant readily admits that the legs of the slide were not properly anchored and that they knew of this condition prior to Kimberly's injury; further, that such failure to repair the known defect was negligence, as the jury so found. Appellant's sole point of error is that the trial court erred in rendering judgment against appellant for the reason that there is no evidence to support the jury's finding that the negligence of appellant in failing to reanchor the legs of the slide was a proximate cause in fact of the injury suffered by Kimberly.

As appellant's "no evidence" point raises the question of the legal sufficiency of the evidence, a question of law, this court must consider only the evidence and inferences which, when viewed in their most favorable light, tend to support the jury finding, and disregard all evidence and inferences that would lead to a contrary conclusion. Thoreson v. Thompson, 431 S.W.2d 341 (Tex.Sup., 1968); Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup., 1965); Lindley v. Lindley, 384 S.W.2d 676 (Tex. Sup., 1964).

For proximate cause to exist, there must be both causation in fact and foreseeability; the burden of proof is upon this appellee to prove by a preponderance of the evidence proximate cause in order to establish his cause of action. Baumler v. Hazelwood, 162 Tex. 361, 347 S.W.2d 560 (1961); Thomas v. Beckering, 391 S.W.2d 771 (Tex.Civ.App., Tyler, 1965, writ ref'd, n. r. e.). As appellant has not raised any question of whether there is any competent evidence of foreseeability, we will pass only on the issue as to whether there is any testimony of probative force showing that the failure to reanchor the legs of the slide is a cause in fact of the girl's fall and injuries resulting therefrom.

Appellant stated, in answer to interrogatories propounded by appellee, that the purpose of anchoring the back legs of the slide was to lend additional stability to the slide, and make the slide safer for persons

using it. Appellant's witness, Mr. Muntz, testified on cross-examination, concerning the anchoring of the slide, as follows:

"Q Since you say that it (the slide) was put up according to instructions, I am sure the instructions told you to fasten those rear legs and the front legs to the concrete?

"A Yes.

"Q You knew why that was, didn't you?

"A Yes, sir.

"Q And that obviously was to make it safe for children to use?

"A Yes, sir.

"Q To keep it from being unstable so that a child climbing up the steps to go down the slide wouldn't lose his balance and fall? That's what that was for, wasn't it?

"A I presume so."

Mrs. Joanne Hicklen, a witness for appellee, testified she was visiting friends at the apartment complex and using the pool with her son as a guest on the day of Kimberly's fall. She stated that she had used the pool many times prior to this occasion and was aware that the slide was not fastened down. She allowed her son, a boy two and one-half years old, to use the slide if some adult held the legs of the slide steady. She further testified that on several different occasions she saw the slide rock over or the leg kick up. On the day of Kimberly's fall, Mrs. Hicklen's son also fell from the slide; his fall occurred when the adult holding the slide steady was called to the telephone and another child caught hold of the hand rail preparatory to climbing up, causing slide to tilt. As to the stability of the slide, Mrs. Hicklen testified:

"A Yes. Well, the slide could be raised up by a child's weight very easily. And this particular day that we were there, Gay was by the slide to hold the slide in—the ladder in

place, so that the children couldn't cause the slide to give way, so a child wouldn't fall from it."

On direct examination, Mrs. Hicklen testified concerning the fall itself:

"A I heard someone scream and looked just in time that we saw Kim when everybody was running to grab her, after she had fallen from the slide. And her finger was still in the slide.

"Q Did you observe anything with reference to the slide, itself, as to its stability?

"A I saw the leg raise. The right leg of the slide."

On cross-examination on this point, she stated:

"Q Do you know at all how Kim happened to fall?

"A Not really. All I know is that I heard a lot of commotion.

\*    \*    \*    \*    \*    \*

"A I saw—I mean I heard a lot of commotion, and I turned just in time to see Kim fall.

"Q Do you mean there was a commotion before she fell?

"A Well, I guess on the falling—probably some more people had seen her start to fall.

"Q Wasn't she on the ground when you first looked around, Mrs. Hicklen?

"A Not, if I remember exactly, I don't believe she was.

\*    \*    \*    \*    \*    \*

"Q It is your testimony that she was falling when you saw her?

"A Yes."

Mrs. Snyder, mother of Kimberly, testified that the family had moved into the apartment complex about nine days prior to the accident, and that Kimberly had used the slide only one time before and

that was on the day of the accident. She did not witness the fall itself. Mr. Snyder testified that the day after the accident he inspected the slide and found both back legs to be loose from their footing, that he could easily pick up the back legs from twelve to eighteen inches vertically and that each leg could be lifted separately by twisting the slide.

Negligent conduct is, in law, a cause in fact if the injury would not have occurred "but for" the act or omission of the defendant, that is, the act or omission was a substantial factor and thus a cause in fact in bringing about the harm if the result would not have occurred without that act or omission. Hopson v. Gulf Oil Corporation, 150 Tex. 1, 237 S.W.2d 352 (1951); Texas & Pacific Railway Company v. McCleery, 418 S.W.2d 494 (Tex. Sup., 1967). Proximate cause cannot be established by mere conjecture or guess, nor may it be presumed. It must be proved. Leatherwood Drilling Company v. TXL Oil Corporation, 379 S.W.2d 693 (Tex.Civ. App., Dallas, 1964, ref'd, n. r. e.); Ussery v. Ewell Hodges, Inc., 417 S.W.2d 332 (Tex.Civ.App., Tyler, 1967, ref'd, n. r. e.). But, like any other ultimate fact, it may be established and inferred from the circumstances surrounding the event, and it is not necessary to prove this element by direct and positive proof. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958); Grossman v. Tiner, 347 S.W.2d 627 (Tex. Civ.App., Waco, 1961, ref'd, n. r. e.); Boddy v. Canteau, 441 S.W.2d 906 (Tex. Civ.App., San Antonio, 1969, ref'd, n. r. e.). It is the established law in this State that broad latitude should be allowed to jurors to infer proximate cause from the circumstances surrounding an accident. Thoreson v. Thompson, supra; J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W.2d 698 (1940).

Lacking an eye witness to Kimberly's fall from the slide, the jury was permitted to rely upon circumstantial evidence to infer proximate cause. The circumstances relied on must have probative force sufficient to constitute the basis of a legal inference as to the existence of the fact. Imperial Casualty & Indemnity Co. v. Terry, 451 S.W.2d 303 (Tex.Civ. App., Tyler, 1970, n. w. h.). The jury is not only the judge of the facts and circumstances proven but may also draw reasonable inferences and deductions from the evidence adduced before it. Lynch v. Ricketts, supra. Viewing the evidence in a light most favorable to the verdict, we hold that there was at least some evidence of probative force to justify the jury in inferring that the negligent act of appellant was a proximate cause of the injury sustained.

Appellant argues that while they were negligent in failing to repair the defect in the footing of the slide, there is no evidence in the record to show or tending to show such omission was a proximate cause of Kimberly's injury because under the evidence her fall might have happened in one of several ways. This appellee is not required to exclude the probability that the accident might have occurred in some other way. To so hold would impose upon the plaintiff in the trial court a greater burden than the law requires as it would require the establishment of his case beyond a reasonable doubt. He is only required to convince the jury by a fair preponderance of the evidence that the negligence of the appellant was a proximate cause of the injury. Burlington-Rock Island R. Co. v. Ellison, 140 Tex. 353, 167 S.W.2d 723 (1943); Mansell v. Hendrickson, 417 S.W.2d 908 (Tex. Civ.App., Houston, 1967, n. w. h.); Western Casualty & Surety Company v. Carlson, 317 S.W.2d 259 (Tex.Civ.App., San Antonio, 1958, ref'd, n. r. e.). In circumstantial evidence cases, it is a matter of balancing the probabilities, it not being necessary that the plaintiff exclude the possibility that the accident occurred in some other manner, only that by a preponderance of the evidence it probably occurred in the manner alleged. Benoit

v. Wilson, 150 Tex. 273, 239 S.W.2d 792 (1951).

After reviewing all the evidence that tends to support the jury's finding in question, it is our opinion that the evidence did more than permit the jury to engage in mere speculation. It permitted a reasonable basis upon which the jury could conclude that appellant's omission was a substantial factor in bringing about the fall and injury. Hopson v. Gulf Oil Corporation, supra.

To reach a contrary conclusion we would be required to find that there was such an absence of evidence showing proximate cause that reasonable minds could not differ. Thoreson v. Thompson, supra. This we cannot do.

Appellant relies on Bowen v. East Texas Hospital Foundation, 400 S.W.2d 843 (Tex. Civ.App., Tyler, 1966) and Hopper v. J. C. Penney Company, 371 S.W.2d 750 (Tex. Civ.App., Ft. Worth, 1963) as support for their contention. We have carefully examined these authorities and believe them not to be applicable to the facts in the instant case.

Judgment of the trial court is affirmed.

McKAY, J., not participating.