ALLIED STORES OF TEXAS, INC.,
d/b/a Joske's et al., Appellants,

v.

Winifred McCLURE, Appellee.

No. 1267.

Court of Civil Appeals of Texas,
Tyler.

Jan. 31, 1980.

Rehearing Denied March 14, 1980.

Delno J. Grosenheider, Wilson & Grosenheider, David M. Moore, Austin, for appellants.

Edward Berliner, Colbert & Berliner, Austin, for appellee.

SUMMERS, Chief Justice.

Winifred McClure, appellee, sued Allied Stores of Texas, Inc., d/b/a Joske's, Arvid Sundbeck, Ellen McChesney, Terry Ockletree and Carl Ray Thomas for personal injuries sustained by her as a result of being knocked to the ground by a fleeing shoplifter. The case was tried before a jury. In response to the special issues submitted, the jury found that the shoplifters (Ockletree and Thomas), the security guards (Sundbeck and McChesney), and Joske's were negligent and that such negligence proximately caused the injuries to appellee. Damages of $35,582.00 were found. Only Joske's and the security guards have perfected this appeal.

We reverse and render.

On October 11, 1975, Mrs. McClure and a friend went to Highland Mall in Austin, Texas, to do some shopping and browsing. They arrived at approximately 5:00 o'clock that Saturday afternoon. About the time Mrs. McClure was entering the mall, Terry Ockletree and Carl Ray Thomas were in the process of stealing merchandise from Joske's in Highland Mall, such merchandise consisting of men's knit shirts. They were observed by two security guards employed by Joske's, Arvid Sundbeck and Ellen McChesney. After the theft took place, the two shoplifters left Joske's premises and proceeded into the mall area. The security guards followed, and an attempt to apprehend them peacefully was made by the guards. The attempt proved unsuccessful. One shoplifter immediately ran, while the other pushed out at Arvid Sundbeck, knocking him off balance, and then ran, eventually colliding with appellee, causing the injuries complained of in this suit.

As a result of such collision, Mrs. McClure was knocked to the floor and into a large planter at the foot of one of the escalators in the mall area. Appellee sustained a dislocated shoulder and suffered pain in her neck and down the left side of her body. Her injuries necessitated treatment by a physical therapist, and such treatment has been continued off and on up to the time of trial. Appellee no longer enjoys some activities which she participated in before the accident, namely golf and bridge. She can no longer sit for a long interval of time, tires easily and has trouble sleeping.

From the adverse judgment below, appellants have predicated their appeal upon eleven points of error. Points of error Nos. 1 through 3 raise no evidence and insufficient evidence attacks against Special Issues Nos. 6 and 7. Special Issues Nos. 6 and 7 inquired whether the security guards were negligent in pursuing the shoplifters and whether such negligence was the proximate cause of the occurrence in question. Points of error Nos. 4 through 6 raise no evidence and insufficient evidence attacks against Special Issues Nos. 11, 12 and 13, which inquire whether Allied Stores of Texas, Inc., failed to properly train their security guards, whether such failure to train was negligence, and whether such negligence was a proximate cause of the occurrence in question. Point of error No. 7 contends

that the trial court erred in submitting Special Issues Nos. 11, 12 and 13 because such issues are not ultimate issues of fact and are, therefore, evidentiary. Appellants also contend that the trial court erred in rendering judgment against appellants because, as a matter of law, appellants breached no legal duty to appellee (No. 8), in refusing to submit appellants' requested instruction on "heedless and reckless disregard" and appellants' requested Special Issues Nos. 1 and 2 regarding whether or not the security guards' pursuit of the shoplifters was in heedless and reckless disregard of the rights of others (No. 9), in rendering judgment against appellants in the amount of $35,-582.00 and refusing to grant appellants' motion for remittitur (No. 10), and finally in unconditionally submitting Special Issue No. 14 because such an unconditional submission amounts to a comment on the weight of the evidence (No. 11).

There was ample testimony regarding the arrest attempt and subsequent pursuit through the mall. The record reveals that Arvid Sundbeck, in the course of apprehending the suspects, identified himself as a security guard from Joske's. One of the shoplifters immediately pushed or shoved Sundbeck, and both suspects "took off running." Since they went in different directions, Ellen McChesney chased one shoplifter, while Arvid Sundbeck chased the other. Lula Hawkins, an eyewitness for appellee Mrs. McClure, testified that the security guard (Sundbeck) in pursuit was only 5 to 7 feet behind the shoplifter at the time of the collision. Yvonne Puig, another eyewitness for appellee, recalled that she heard a scuffle, and when she turned around she saw Mrs. McClure on the floor on her back, sliding headfirst into the planter box. She then saw Arvid Sundbeck catch up with and apprehend the shoplifter by handcuffing him. Ms. Puig stated that both of the men were running, but that Mr. Sundbeck was "right on his (shoplifter's) trail." The appellant Arvid Sundbeck testified that the mall was fairly crowded the day of the accident, and as he had just begun to chase the suspect, he saw him go up in the air as if he was going over the top of someone.

Jo Ann Lane, a witness for appellants and an employee of one of the stores in the mall, testified that she heard some racket in the mall area, looked up and saw a man push a lady, who fell down as a result of the push. She then saw this man trip, enabling the security guard to handcuff him. She recalled that she did not see the security guard when the woman fell, but the security guard (Sundbeck) arrived on the scene almost instantaneously. Amelia Montoya, another witness for appellants, testified she saw the shoplifter go through some people, causing a woman to fall down. She further recalled that the guard was fairly close in pursuit at the time of the collision between the woman and the shoplifter.

Appellants' seventh Point of Error alleges that the trial court should not have submitted Special Issues Nos. 11, 12 and 13 for the reason that such issues were not ultimate issues of fact and are, therefore, evidentiary. Appellant duly and timely objected to the submission of these issues on the same ground now urged in this appeal. Special Issues Nos. 11, 12, and 13 read as follows:

### "SPECIAL ISSUE NO. 11

Do you find from a preponderance of the evidence that Allied Stores of Texas failed to properly train their employees Sundbeck and McChesney?
Answer 'We do' or 'We do not.'
ANSWER: 'We do.'
If you have answered Special Issue No. 11 with 'We do,' then answer Special Issue No. 12; otherwise, do not answer Special Issue No. 12.

### SPECIAL ISSUE NO. 12

Do you find from a preponderance of the evidence that such act was negligent?
Answer 'We do' or 'We do not.'
ANSWER: 'We do.'
If you have answered Special Issue No. 12 with 'We do,' then answer Special Issue No. 13; otherwise, do not answer Special Issue No. 13.

SPECIAL ISSUE NO. 13

Do you find from a preponderance of the evidence that such act was a proximate cause of the occurrence in question? Answer 'We do' or 'We do not.' ANSWER: 'We do.' "

■ An ultimate fact is one essential to the right of action or matter of defense. If an ultimate fact is involved in a case, which is essential to the claim or defense, and is necessary to form the basis of a judgment, it is the duty of the court to submit such issue for determination by the jury. However, it is not necessary to submit a special issue where it does not call for the determination of some ultimate fact necessary to form the basis of the judgment, as where it relates to subordinate facts to be considered in determining ultimate facts, and necessarily embraced in the determination of the ultimate fact issue. *Wichita Falls & Oklahoma Ry. Co. v. Pepper*, 134 Tex. 360, 135 S.W.2d 79, 84 (1940); Rule 279, T.R.C.P. Issues which are submitted to the jury which are not ultimate or controlling issues are characterized as evidentiary issues and may be disregarded as being immaterial. *Neuhaus v. Kain*, 557 S.W.2d 125, 135 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.); *Mills v. Withers*, 483 S.W.2d 339, 342 (Tex.Civ.App. —Houston [1st Dist.] 1972, no writ); *H. E. Butt Grocery Co. v. Johnson*, 226 S.W.2d 501, 506 (Tex.Civ.App.—San Antonio 1949, writ ref'd n. r. e.).

■ The factual questions raised by Special Issues 11, 12, and 13 may have been proper subjects of inquiry in evidence, but the issues, as framed, were not required to be submitted to the jury for determination. They relate only to various phases and different shades of the controlling issues (whether the particular act of pursuing the shoplifters through the mall was negligence and a proximate cause of appellee's injuries) which were submitted by the trial court. The issues complained of inquired into subordinate facts which might be considered as evidentiary matters in determining a controlling issue, namely, whether the pursuit by the security guards was negli-

gence. The controlling issues were submitted by the trial court to the jury in Special Issues Nos. 6 and 7. We therefore sustain appellants' Point of Error No. 7 and accordingly will disregard Special Issues Nos. 11, 12 and 13.

■ Furthermore, even if we were of the opinion said Special Issues 11, 12 and 13 were not evidentiary and were taken under consideration by this court, they would fall before the same argument that follows concerning Special Issues Nos. 6 and 7; that is, that there is no evidence of proximate cause presented by appellee that "but for" the improper training by Joske's, the collision would not have occurred. It would be mere speculation and conjecture as to what would have happened but for such improper training.

Appellants, by their first three points of error, complain of Special Issues Nos. 6 and 7, in that there was no evidence, or insufficient evidence to support the submission of, the jury's answers to, or the jury's findings to said special issues.

■ In determining a "no evidence" point, which is a question of law, we consider only that evidence, if any, and the reasonable inferences therefrom, which viewed in its most favorable light, supports the jury finding and we must reject all evidence or inferences which are contrary to the finding. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Biggers v. Continental Bus Systems, Inc.*, 157 Tex. 351, 303 S.W.2d 359, 363 (1957); *Cartwright v. Canode*, 106 Tex. 502, 171 S.W. 696, 698 (1914).

■ In determining an "insufficient evidence" point, which is a question of fact, we consider and weigh all the evidence in the case to determine whether the evidence is factually insufficient to support a finding of a vital fact or the finding is so against the great weight and preponderance of the evidence as to be manifestly unjust and that the finding should be set aside. *Garza v. Alviar*, supra; *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 662 (1951). Special Issues 6 and 7, together with the jury answers thereto, read as follows:

"SPECIAL ISSUE NO. 6

Do you find from a preponderance of the evidence that Arvid Sundbeck and Ellen McChesney were negligent in pursuing Ockletree and Thomas after the unsuccessful arrest attempt?
Answer 'We do' or 'We do not.'
Answer: 'We do.'
If you have answered Special Issue No. 6 with 'We do,' then answer Special Issue No. 7; otherwise do not answer Special Issue No. 7.

SPECIAL ISSUE NO. 7

Do you find from a preponderance of the evidence that such act was a proximate cause of the occurrence in question?
Answer 'We do' or 'We do not.'
Answer: 'We do.' "

Assuming without deciding that the finding of negligence is supported by evidence of probative force, we go directly to the question of whether there is in the record evidence to support the finding of proximate cause. We hold that there is no evidence of probative force to support such finding.

"Proximate cause" was defined by the trial court in its charge to the jury. Neither party complains of the definition given. In substance, proximate cause was defined as a cause, in a natural and continuous sequence, which produces an event and without which the event would not have occurred; and to be a proximate cause, it should be such that it could have been foreseen by a person of ordinary prudence that the event, or some similar event, would result from such a cause as a natural and probable consequence.

 The well-established law of this State is that proximate cause includes two essential elements: (1) foreseeability, and (2) cause in fact or causal relation. *Texas and Pacific Railway Company v. McCleery,* 418 S.W.2d 494, 496 (Tex.1967); *Baumler v. Hazelwood,* 162 Tex. 361, 347 S.W.2d 560, 564 (1961); *Hopson v. Gulf Oil Corporation,* 150 Tex. 1, 237 S.W.2d 352, 355 (1951); *Lopez v. Lone Star Beer, Inc. of Corpus*

*Christi,* 465 S.W.2d 774, 785 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.); *Thomas v. Beckering,* 391 S.W.2d 771, 775 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.). "An essential element of the plaintiffs' cause of action for negligence, or for that matter for any other tort, is that there be some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered." Prosser, LAW OF TORTS, sec. 41 (4th ed. 1971). The controlling question in this case is thus narrowed to whether there is in the record evidence of probative force to support the finding of proximate cause in response to Special Issue No. 7. Negligent conduct is, in law, a cause in fact of harm to another only if it is a substantial factor in bringing about the harm. Other than in situations in which the conduct of more than one person contributes to the harm, negligent conduct cannot be regarded as a substantial factor in bringing about the harm if the harm would have been sustained even if the actor had not been negligent. *Hopson v. Gulf Oil Corporation,* supra at 355; *Texas and Pacific Railway Company v. McCleery,* supra at 497; *B. M. & R. Interests v. Snyder,* 453 S.W.2d 360, 363 (Tex.Civ.App.—Tyler 1970, writ ref'd n. r. e.). This rule is known as the "but for" rule. In other words, the negligent conduct complained of is, in law, a cause in fact *if* the injury would not have occurred "but for" the act or omission of the appellants; that is, the result would not have occurred without the act or omission. *Biggers v. Continental Bus System,* supra at 365; *Hopson v. Gulf Oil Corporation,* supra at 355. Proximate cause cannot be established by mere conjecture or guess, nor may it be presumed. It must be proved. *B. M. & R. Interests v. Snyder,* supra at 363; *Ussery v. Ewell Hodges, Inc.,* 417 S.W.2d 332, 336 (Tex.Civ.App.—Tyler 1967, writ ref'd n. r. e.); *Bowen v. East Texas Hospital Foundation,* 400 S.W.2d 843, 849 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e.); *Leatherwood Drilling Company v. TXL Oil Corporation,* 379 S.W.2d 693, 697 (Tex.Civ.App.—Dallas 1964, writ ref'd n. r. e.).

■ The proof that must be made to establish causal relation is easily stated in general terms, but it is often difficult to ascertain whether a sufficient showing has been made to warrant submission of the issue to the jury. Since liability cannot be made to turn upon speculation or conjecture, it is essential that the evidence show at least a reasonable probability that appellee's injuries and complications were caused by the negligence of appellants. *Lenger v. Physician's General Hospital, Inc.*, 455 S.W.2d 703, 706 (Tex.1970); *Insurance Company of North America v. Myers*, 411 S.W.2d 710, 713 (Tex.1966). "The proof must establish causal connection beyond the point of conjecture. It must show more than a possibility. Verdicts must rest upon reasonable certainty of proof. Where the proof discloses that a given result may have occurred by reason of more than one proximate cause, and the jury can do no more than guess or speculate as to which was, in fact, the efficient cause, the submission of such choice to the jury has been consistently condemned by this court and by other courts." *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779, 785 (1949); *Ramberg v. Morgan*, 209 Iowa 474, 218 N.W. 492, 498 (1928).

■ A possible cause only becomes "probable" when in the absence of other reasonable causal explanation it becomes more likely than not that the injury was the result of its action. This is the outer limit of inference upon which a proximate cause issue can be submitted to a jury, and we have tested the evidence in an endeavor to see if the case might be considered as within such an outer limit of inference. *Parker v. Employers Mutual Liability Insurance Company of Wisconsin*, 440 S.W.2d 43, 47 (Tex.1969); *Lenger v. Physician's General Hospital, Inc.*, 438 S.W.2d 408, 413 (Tex.Civ. App.—Fort Worth 1969) affirmed 455 S.W.2d 703 (Tex.1970).

■ The mere fact there was a collision in which the appellee was injured is not evidence that the collision was proximately caused by the actions or omissions of the appellants. *Bowen v. East Texas Hospital Foundation*, supra at 848; *Houston National Bank v. Adair*, 146 Tex. 367, 207 S.W.2d 374, 375 (1948).

■ We are mindful of the rule that in deciding whether there is evidence in the record in support of the jury findings, we are required to view the evidence in its most favorable light in support of the verdict. *East Texas Theatres, Inc. v. Rutledge*, 453 S.W.2d 466, 467 (Tex.1970); *Texas & Pacific Railway Company v. McCleery*, supra at 496; *Biggers v. Continental Bus System*, supra at 363.

A summary of the evidence favorable to the verdict reveals that appellants Arvid Sundbeck and Ellen McChesney were not trained in accordance with Joske's training manual or prior training procedures employed by Joske's, that after the unsuccessful arrest attempt of the shoplifters by these two appellants, the suspects began to run and the guards, on their own initiative, pursued the suspects through the mall, that one of the suspects being chased collided with and injured appellee before he could be apprehended by one of the security guards that was giving chase.

■ Under our view of the record there was no evidence of probative value directly supporting the jury's finding that the pursuit of the shoplifters by Joske's security guards was the proximate cause of the collision between one of the shoplifters and appellee Winifred McClure; thus said issue regarding such proximate cause should not have been submitted to the jury by the trial court.

The attempted apprehension of the shoplifters by the two security guards from Joske's could have caused the flight of the shoplifters as well as the pursuit of said shoplifters by the security guards. Likewise, it could have been caused by the shoplifters' own fright. In fact, the evidence establishes that the shoplifters began running before they were pursued; that their flight began immediately after the unsuccessful apprehension attempt, and such attempt has been found by the jury not to be an act of negligence.

In essence, appellee argues that had the shoplifters not been pursued, the shoplifters would have stopped running before one of them collided with appellee. It is purely speculative as to what would have happened had the shoplifters not been pursued. There is no evidence in the record that the shoplifters would have stopped running had they not been pursued. It is equally probable that the shoplifters would have continued running whether they were pursued or not, especially when one considers that the shoplifters knew that Joske's was aware of their illegal actions as evidenced by the unsuccessful apprehension attempt by the two Joskes' security guards. The record in this case shows a complete lack of proof that the collision would not have occurred "but for" the pursuit by the appellant security guards of the suspected shoplifters.

It is just a guess as to what subjective effect a non-pursuit by the security guards might have had on the shoplifters, who were already in flight. To adopt appellee's theory would be to allow a presumption of fact to rest upon a fact presumed. This cannot be permitted. *East Texas Theatres, Inc. v. Rutledge,* supra at 469; *Texas Sling Co. v. Emanuel,* 431 S.W.2d 538, 541 (Tex.1968); *Fort Worth Belt Ry. v. Jones,* 106 Tex. 345, 166 S.W. 1130, 1132 (1914). The court in the latter case said:

> "A presumption of fact cannot rest upon a fact presumed. The fact relied upon to support the presumption must be proved. 'No inference of fact should be drawn from premises which are uncertain. Facts upon which an inference may legitimately rest must be established by direct evidence, as if they were the facts in issue. One presumption cannot be based upon another presumption.' 16 Cyc. 1051; *Missouri Pacific Ry. Co. v. Porter,* 73 Tex. 304, 11 S.W. 324 (1889)."

We agree with appellants' contentions as made in their Motion for Judgment Notwithstanding the Verdict brought forth to this court in Points of Error 1, 2 and 3 (insofar as they relate to Special Issue No. 7) and Point of Error No. 7. We sustain these points as stated above. We hold that the pursuit of the shoplifters by Joske's security guards was not proved to be the proximate cause of the occurrence in question. The judgment of the trial court cannot be sustained in that there is no evidence that the alleged injuries were proximately caused by any act of commission or omission of the appellants. As discussed above, "a finding of 'proximate cause' cannot be sustained unless there is proof of cause in fact and foreseeability." *Enloe v. Barfield,* 422 S.W.2d 905, 908 (Tex.1967).

In view of our disposition of points one, two, three and seven, we do not find it necessary to address appellants' other points of error.

Accordingly, the judgment of the trial court is reversed and judgment is here rendered that plaintiff/appellee take nothing against appellants herein.