**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 99-40601**
**Summary Calendar**

**MORGAN WADE GUNN**

**Plaintiff-Appellee,**

**v.**

**MID-SOUTH HEALTH DEVELOPMENT, INC., d/b/a Reunion Plaza,**
**and MID-SOUTH HEALTH ENTERPRISES, INC.**

**Defendants-Appellants,**

**Appeal from the United States District Court for the**
**Eastern District of Texas**
**Civil Action No. 6:98-CV-83**

March 8, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Mid-South Health Enterprises, Inc. ("Mid-South") appeals the district court's denial of its motion for judgment as a matter of law, arguing that there was insufficient evidence to establish that Mid-South was negligent. Having carefully reviewed the briefs and record, this court finds that there was sufficient evidence to support the district court's denial of the motion. We, therefore, affirm.

This court reviews the denial of a motion for judgment as a matter of law de novo, applying the same standard as the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

court.  <u>Nero v. Indus. Molding Corp.</u>, 167 F.3d 921, 925 (5th Cir. 1999).  This court considers all the evidence and all reasonable inferences "in the light most favorable to the party opposed to the motion... If there is substantial evidence opposed to the motion -- that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might reach different conclusions -- then the motion should have been denied."  <u>Crosthwait Equip. Co., Inc. v. John Deere Co.</u>, 992 F.2d 525, 528 (5th Cir. 1993).

Since Mid-South is a workers' compensation nonsubscriber, Gunn must show that Mid-South was negligent.  <u>Sears, Roebuck & Co. v. Robinson</u>, 280 S.W.2d 238, 239 (Tex. 1955).  In order to show negligence, Gunn must produce evidence establishing a duty, a breach of that duty, and damages proximately caused by the breach.  <u>I.M. Werner v. Colwell</u>, 909 S.W.2d 866, 869 (Tex. 1994).  On appeal, Mid-south challenges the sufficiency of the evidence only with respect to the proximate cause element, which consists of cause in fact and foreseeability.[1]  <u>See</u> <u>Leitch v. Hornsby</u>, 935 S.W.2d 114, 118 (Tex. 1996).  In particular, Mid-South contends that any risk of injury to Gunn was not foreseeable since (1) Mid-

---

[1]     Although a company's following the usual and customary practice may intuitively speak to the breach element of negligence, the Appellant and Texas case law discuss the following of an industry-wide practice in relation to the foreseeability element.  <u>See</u> <u>J. Weingarten, Inc. v. Sandefer</u>, 490 S.W.2d 941, 946 (Tex. Civ. App.–Beaumont 1973, writ ref'd n.r.e.).  For the purposes of this opinion, we adopt the Appellant's and the Texas courts' characterization of the issue.

South followed the usual and customary practice in the nursing home industry, and (2) Gunn did not foresee the possibility of injury.[2]

Contrary to Mid-South's claim, though, conformity with the usual and customary practices of an industry does not, as a matter of law, absolve a party from negligence: "[E]vidence as to such [industry] customs is not controlling and must not be taken as the legal standard of care and negligence, but is merely evidence to be considered along with other circumstances in determining what the ordinary reasonable man would do under the circumstances." Stanley v. Southern Pac. Co., 466 S.W.2d 548, 551 (Tex. 1971); see also Brown v. Lundell, 344 S.W.2d 863, 867-69 (Tex. 1961); Leadon v. Kimbrough Brothers Lumber Co., 484 S.W.2d 567, 569 (Tex. 1972). Thus, the fact that Mid-South followed the usual and customary practice of nursing homes does not, by itself, render Gunn's injury unforeseeable.

Foreseeability requires only that the general danger, not the exact sequence of events that produced the harm, be foreseeable. Lofton v. Texas Brine Corp., 777 S.W.2d 384, 387

---

[2] Mid-South also contends that the district court erred in admitting evidence of damages in excess of Gunn's disclosed damages of $4,095.04. The record indicates that Mid-South objected only to the past medical expenses exceeding $4,095.04. This court reviews evidentiary decisions objected to at trial for abuse of discretion, see United States v. Duncan, 919 F.2d 981, 985 (5th Cir. 1990), and will reverse only if the error is harmful and implicates a substantial right of the complaining party. See Polanco v. City of Austin, 78 F.3d 968, 982 (5th Cir. 1996); Fed. R. Evid. 103. Since the contested past medical bills were listed in Gunn's exhibits and since Mid-South knew about these bills prior to Dr. Calodney's deposition, Mid-South has failed to show that the evidentiary ruling implicated one of its substantial rights. Therefore, the district court did not abuse its discretion in admitting the evidence. With respect to the evidentiary decisions that were not objected to at trial, this court finds that the district court did not plainly err in allowing evidence of other damages. See Whitehead v. Food Max of Mississippi, Inc., 163 F.3d 265, 274 (5th Cir. 1998). As a result, we affirm the district court's evidentiary rulings as to damages.

(Tex. 1996). Although proximate cause may not be established by conjecture or guess, "[t]here need not, however, be direct and positive proof, as the jury may infer proximate cause 'from the circumstances surrounding the event.'" Mosley v. Excel Corp., 109 F.3d 1006, 1009 (5th Cir. 1997)(quoting B.M. & R. Interests v. Snyder, 453 S.W.2d 360, 363 (Tex. Civ. App. 1970). Gunn testified that a nursing home where he was previously employed required two people to work together when changing patients. Henry Wickes, an expert in safety engineering and human factors engineering, also testified that the practices and controls used by Mid-South were inappropriate for the type of work Gunn was performing when he was injured. Such evidence is sufficient for reasonable minded jurors to infer that Gunn's injury was foreseeable. As a result, Mid-South was not entitled to judgment as a matter of law in virtue of its following an industry-wide practice.

Furthermore, since foreseeability is measured objectively from the standpoint of the person responsible for the allegedly negligent act, Baylor Medical Plaza Services v. Kidd, 834 S.W.2d 69, 74-75 (Tex. App.–Texarkana, writ denied), the fact that Gunn may not have foreseen the risk of injury is not dispositive. Given the testimony of Gunn and Wickes, a reasonable juror could infer that a reasonable employer should have foreseen Gunn's injury.

Thus, since the evidence is sufficient for a reasonable juror to find that Gunn's injury was foreseeable, Mid-South is not entitled to judgment as a matter of law. See Crosthwait Equip. Co., 992 F.2d at 526. This court, therefore, affirms.

4

**AFFIRMED.**