**SOUTHERN PACIFIC COMPANY et al.,
Appellants,**

**v.**

**Johnny E. COLSTON et ux., Appellees.**

**No. 7220.**

Court of Civil Appeals of Texas,
Beaumont.

April 1, 1971.

Rehearing Denied April 29, 1971.

Mehaffey, Weber, Keith & Gonsolin, Beaumont, for appellants.

Waldman & Smallwood, Bill J. Sanders, Beaumont, for appellees.

STEPHENSON, Justice.

This is an action for damages for personal injuries arising out of a train-automobile collision. Plaintiffs recovered judgment upon a jury finding that the train was traveling at an excessive rate of speed

under the circumstances. The parties will be referred to here as they were in the trial court.

Defendant has only two points of error: that the jury finding that the excessive rate of speed was a proximate cause of the collision had no support in the evidence, and had insufficient support in the evidence. In passing upon the "no-evidence" point, we look only to the evidence favorable to such finding.

This collision occurred on Pearl Street in downtown Beaumont when plaintiffs' automobile stalled on the track and was struck by defendant's train. The real point of issue in this case was over the signal lights. Mrs. Dora Colston, the driver, and her daughter Linda, the passenger, both testified the signal light was not working. The evidence of two disinterested witnesses, as well as defendant's employees, was that the signal was operating. The jury failed to find for either plaintiffs or defendant upon their respective signal issues.

Linda Colston, the daughter-passenger, testified she didn't see the train until they were on the tracks and it was right on them. She estimated the speed to be between 40 and 50 miles per hour, but that it might have been going slower. She had time to open the door on the right side and get out of the automobile before it was hit on the left side by the train.

Dora Colston, the plaintiff-driver, testified she saw the train just an instant before it struck her. That she wouldn't undertake to give an opinion as to the speed, but that it was going at an excessive rate of speed, although she didn't believe it was going 40 to 50 miles per hour. She didn't get out of the car before it was hit by the train because she didn't have time.

George Camp, an attorney, was looking out of his office window above the scene of the collision, and testified the train was traveling slowly. T. D. Rush, a Beaumont police officer, testified the train traveled

250 feet after impact. The railroad engineer testified the train was traveling along at 15 miles per hour when he saw the car stopped in the middle of the track. He said he immediately shut the engine down in an emergency stop and was traveling about 10 miles per hour at the time of impact.

We have concluded this case is controlled by the Supreme Court opinion in Texas & Pacific Railway Company v. McCleery, 418 S.W.2d 494, 496 (Tex.Sup., 1967). There is an excellent application of the "but for" rule of proximate cause. As said there, the plaintiffs in our case had the burden of proving by a preponderance of the evidence that the collision would not have occurred *but for* the excessive speed of the train. The theory of the plaintiffs in both the McCleery case, and ours, is simply that the excessive speed of the train was a cause in fact because it was established that the train was traveling at an excessive speed at all relevant times prior to and at the time of the collision. We find no reasonable inference from the record before us that if the train had been traveling at a slower rate of speed, that it could have been stopped in order to avoid a collision, or that plaintiff would have had time to get out of the car before the collision. As said by the Supreme Court in the McCleery case, it would be pure speculation to conclude that either of those results would have occurred if the train had been traveling at a slower rate of speed. Plaintiffs made no effort to demonstrate by the evidence that speed actually had any connection with this collision. It was not contended the signal came on at a certain point of time and place and thereafter because of the speed of the train plaintiff had too little time to get off the track or get out of the automobile. Plaintiffs' theory of this case was that the signal did not activate at any time, and therefore there was no warning of the approaching train. We find no evidence of probative force that *but for* the excessive speed the collision would not have occurred. See also T. & N. O. R. Co. v. Grace, 144

Tex. 71, 188 S.W.2d 378 (1945) and Texas & Pacific Ry. Co. v. Floyd, 309 S.W.2d 525 (Tex.Civ.App.—Dallas, 1958, error ref., n. r. e.). As said in the Floyd case, the speed of the train did nothing more than furnish the condition which gave rise to the occasion when plaintiff was injured. Defendant's no-evidence point is sustained.

Reversed and rendered that plaintiffs take nothing.

KEITH, J., not sitting.