James R. DUMAS, Appellant,

v.

Luke E. HORN, Appellee.

No. 8312.

Court of Civil Appeals of Texas,
Texarkana.

Sept. 30, 1975.

Kennedy & Minshew, Sherman, for appellant.

Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellee.

CORNELIUS, Justice.

This is an action for damages sustained by James R. Dumas when the motorcycle he was driving collided with Luke E. Horn's pickup truck as it turned left in front of the motorcycle. The jury convicted Horn of several acts of negligence proximately causing the collision, including the making of an improper left turn, but it also found that Dumas was contributorily negligent in failing to properly apply his brakes and that such negligence was a proximate cause of the collision. Based upon those findings, the trial court entered a take nothing judgment against Dumas and he has appealed.

The collision occurred in clear, dry weather in the City of Denison, Texas. Dumas was proceeding south on Woodlawn Avenue at a speed estimated at thirty or forty miles per hour. Horn was driving his pickup truck north on Woodlawn Avenue. When Dumas was in the general area of Thatcher Street, some sixty-six feet from the point of impact, Horn began a left turn into a private driveway. Dumas testified he applied his brakes immediately upon Horn's beginning his turn, but that he was unable to stop and he collided with Horn's pickup truck.

The basis of the appeal is that there was no evidence, or in the alternative insufficient evidence, to justify the submission of the contributory negligence and the related proximate cause issues, or to support the jury's answers thereto.

The only direct testimony as to the application of brakes was from Dumas himself and from two of Horn's witnesses, Hardy and Myers, who saw the collision. Dumas testified that he "slammed on" his brakes immediately when Horn began to turn left and that he applied them as hard as he could in the best way that he could, but that he did not have time to avoid the collision. At another point in Dumas' testimony, he stated that he "evidently did not" apply his brakes in time to stop. Hardy and Myers testified that they first looked to the street when they heard the motorcycle's "brakes squealing", and that they saw the motorcycle out of control with its wheels locked, skidding sideways straight into the pickup. On the other hand, Horn testified that he first saw the motorcycle when it came around a car which was in front of it, and that it was already out of control and skidding sideways into his truck. Officer Terrell testified that he found no skid marks or physical evidence that the brakes had been applied.

■ Completely disregarding *all* adverse evidence, and considering *only* that evidence favorable to the jury's finding of contributory negligence, as we must do in an appeal of this kind, we have concluded that by accepting or rejecting various portions of the testimony, such as that of the officer that there were no marks indicating the application of brakes, the testimony of Dumas that he "slammed on" his brakes as hard as he could and that he evidently did not apply the brakes in time to stop, and the testimony of Horn that Dumas came around the car in front of his motorcycle already out of control and skidding sideways into the truck, the jury could have inferred that Dumas either failed to apply his brakes at all, or that he failed to timely or properly apply them.[1] Nevertheless, we have also concluded that there was no evidence that either a proper or timely application of the brakes would have avoided the collision, and consequently there was no evidence that a failure to so apply them was a proximate cause of the collision.

■ On the issue of contributory negligence, the defendant Horn had the burden to prove not only that Dumas committed an act of negligence, but that such negligence was a proximate cause of the collision. Proximate cause may be proved by circumstantial evidence but it must be proved beyond the point of conjecture. Mere speculation or surmise is not sufficient. *Bledsoe v. Yarborough*, 422 S.W.2d 222 (Tex.Civ. App. Tyler 1967, no writ); *Ussery v. Ewell Hodges, Inc.*, 417 S.W.2d 332 (Tex.Civ.App. Tyler 1967, writ ref'd n. r. e.) and cases cited therein. To establish proximate cause, both *causation in fact* and foreseeability must be shown, and the act of negligence must be one *but for which the collision would not have occurred*. *Baumler v. Hazelwood*, 162 Tex. 361, 347 S.W.2d 560 (1961); *Williams v. Hill*, 496 S.W.2d 748 (Tex.Civ.App. Tyler 1973, no writ); *Ussery*

1. The issue inquired generally if Dumas failed to apply his brakes as a person using ordinary care would have done. Dumas did not object to the form of the issue as allowing multiple or alternative findings of failure to apply, untimely application, and improper application.

*v. Ewell Hodges, Inc.*, supra; *Taylor v. Brooks*, 392 S.W.2d 878 (Tex.Civ.App. Waco 1965, writ ref'd n. r. e.). Therefore, in the context of this case, the failure to make an application of Dumas' brakes such as would have been made by an ordinarily prudent person acting under the same or similar circumstances would not be a proximate cause of the collision unless such an application would have avoided the collision. *Baumler v. Hazelwood*, supra; *Williams v. Hill*, supra; *Ussery v. Ewell Hodges, Inc.*, supra. A careful search of the statement of facts fails to reveal any evidence or circumstance justifying an inference that Dumas, faced with an emergency situation when Horn suddenly turned left in his path,[2] could have avoided the collision by *any* application of the brakes.

Dumas testified that he was in the area of Thatcher Street when Horn began to turn left. Horn also testified that Dumas was about at Thatcher Street when he first saw him. It was undisputed that Thatcher Street was approximately sixty-six feet from the point of impact. At thirty miles per hour the motorcycle would be traveling forty-four feet per second; at forty miles per hour, fifty-nine feet per second. See Blashfield, Cyclopedia Of Automobile Law And Practice, Vol. 9C, Sec. 6237, p. 413 (1954). Thus, Dumas would have had approximately one and a half seconds at thirty miles per hour, or approximately one and one tenth seconds at forty miles per hour to avoid a collision by the application of his brakes.[3] While Dumas was traveling that sixty-six feet in either one and one tenth or one and one half seconds, Horn was crossing Dumas' lane of traffic, which Horn variously testified took him "two or three" or "three or four" seconds. Even assuming that the time it would take Dumas to travel the sixty-six feet to the point of impact would be lengthened somewhat as a result of deceleration on application of his brakes,

there is still no evidence from which it may be inferred that the collision would have been avoided, considering the time Horn's pickup truck was blocking Dumas' lane of traffic.

There was no expert or lay testimony as to the distance within which the motorcycle could be stopped by an application of the brakes. There was no physical evidence or other circumstances indicating that a "proper" application of the brakes would have avoided the collision. In these circumstances there is a complete lack of evidence that a failure to properly apply the brakes was a proximate cause of the collision. The trial court should have disregarded the jury's finding of proximate cause. It being so disregarded, Dumas would be entitled to judgment against Horn according to the other special issues answered by the jury.

For the error noted, the judgment of the trial court is reversed and judgment is here rendered for the plaintiff Dumas against the defendant Horn in the sum of $19,740.00.

---

**2.** The jury found that Horn began to turn left when Dumas was approaching so closely as to constitute an immediate hazard.

**3.** The jury exonerated Dumas of negligence in failing to turn, or driving at an excessive speed.