**Sherman NED, Appellant,**

v.

**E.J. TURNER AND COMPANY, INC. d/b/a E.J. Turner And Company, Appellee.**

No. 01–99–00254–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 13, 2000.

Michael Kerensky, Houston, for Appellant.

Geoffrey P. Pivateau, Austin, William S. Bush, Houston, Robert C. (Lou) McCreary, Austin, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices ANDELL and DUGGAN.[1]

## OPINION

ERIC ANDELL, Justice.

A jury found that appellant, Sherman Ned, was contributorily negligent when he was injured in a construction site accident. We are asked to decide if there was more than a scintilla of evidence to support the jury's finding. We reverse.

### Facts

Ned was a construction company heavy laborer whose principal job was to dig ditches. On the day of the accident, his supervisor told him to go help some other workers move a sand blasting machine. The plan was to tilt the sand blaster into a front loader bucket, drive it to the site where it was needed, and unload it there. Ned and his co-worker, Willie Bailey, walked to the sand blaster. Ned had already loaded it with 300 pounds of sand. Bicente Salazar, a front end loader operator for appellee, E.J. Turner and Company, told Ned and Bailey to tip the sand blaster back so he could slide the loader bucket under it. Ned had never performed this task before, but Bailey had; he told Ned what to do. Bailey and Ned

tipped the machine, Salazar positioned the bucket under it, lifted it, and began to move it in the loader bucket. As he was moving it, the sand blaster fell out and struck Ned. Ned was seriously injured and is now totally disabled. None of the parties to this accident was able to explain exactly how it happened.

The jury found that E.J. Turner was 80% negligent and Ned was 20% negligent. Accordingly, the trial court entered a judgment reducing Ned's damages award by 20%. In three points of error, Ned contends: (1) there is no evidence to support the jury's finding of negligence on Ned's part; (2) the trial court erred in submitting the issue of contributory negligence to the jury; and (3) the trial court erred in overruling Ned's motion for judgment notwithstanding the verdict.

### Contributory Negligence

*1. Standards of Review*

In considering a no evidence challenge, we review all of the evidence in the light most favorable to the party in whose favor the verdict was rendered and indulge every reasonable inference in that party's favor. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285–86 (Tex.1998). If there is more than a scintilla of evidence to support the finding, we must uphold it. *Formosa Plastics Corp. USA v. Presidio Eng'rs.*, 960 S.W.2d 41, 48 (Tex.1998).

Contributory negligence is conduct that creates an unreasonable risk of harm to oneself. *Walgreen–Texas Co. v. Shivers*, 137 Tex. 493, 154 S.W.2d 625, 631 (1941). To establish contributory negligence, a defendant must prove (1) the plaintiff was negligent and (2) the plaintiff's negligence was a proximate cause of his injury. *Dumas v. Horn*, 529 S.W.2d 88, 89 (Tex.Civ.App.—Texarkana 1975, writ ref'd n.r.e.). To establish proximate

---

1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

cause, a defendant must prove that the contributing negligence was (1) a cause in fact of the injury and (2) that the injury was a foreseeable result of the negligence. *Id.* Therefore, E.J. Turner's burden was to show that Ned was negligent and that, but for his negligence, he would not have been injured.

*2. Evidence of Contributory Negligence*

■ E.J. Turner contended at trial and contends on appeal that the following evidence established Ned's negligence:

- Ned had never seen sandblasting equipment before; had never sandblasted; had never assisted anyone to sandblast; had never moved, helped anyone else to move, or received instructions on how to move sandblasting equipment. Nevertheless, when told to move it, he did so without complaint or question and did not ask how to move it. He put his hand on the sandblaster to steady it as it was being loaded.
- Ned testified in deposition that he loaded 300 pounds of sand into the machine before it was moved; however, he claimed at trial he could not remember this earlier testimony and denied having loaded sand into the machine.

E.J. Turner infers several negligent acts from these facts: (1) Ned should have refused to load the machine; (2) Ned should have asked how to load the machine; (3) Ned should not have put sand in the machine; and (4) Ned should not have put his hand on the machine. Even if we were to assume Ned was negligent, the causal nexus between his negligence and the resulting injury is not established by any evidence.

Nothing in the record—neither testimony nor exhibits—demonstrates a causal connection between Ned's negligence and the injury. No one testified that, had Ned been experienced or asked questions about how to tip the machine, the accident would not have occurred. Nor was there any suggestion that he or Bailey improperly tipped the machine or did not follow the instructions Salazar gave them. Although Salazar denied pushing the wrong lever, he acknowledged that the only way the bucket could have dropped, dumping out the sand blaster, was if the lever in the front end loader had been pushed. Counsel suggested that loading the machine with sand was negligent because it made it 300 pounds heavier, or could have made it top-heavy. Yet, there was no evidence that the machine was full of sand or that loading it with sand made it top-heavy. Nor was there evidence that, had it been both heavier and top-heavy, these factors contributed to the accident. Although he was questioned repeatedly about the effect of weight on the functioning of the front end loader, Salazar testified that a heavy load would not result in the bucket dumping it out; rather, it would simply cause the loader engine to strain a bit while lifting it. The record reveals that the only suggestion that sand in the machine may have contributed to the accident was made in an argument by counsel—E.J. Turner's attorney commented that it would have been "more sensible" not to put sand in it before moving it.

We can find no evidence to show that any of Ned's acts were either a cause in fact of the accident, or that the accident was foreseeable as a result of anything he did. In the absence of such a nexus, there was no proximate cause as a matter of law. Accordingly, we hold the issue of contributory negligence should not have been submitted to the jury, and that the trial court erred in denying Ned's motion for judgment notwithstanding the verdict.

We sustain all three issues.

We reverse and render judgment for Ned, restoring the twenty percent deducted from the jury's award of damages.