Opinion issued January 29, 2004.
















In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01149-CV




ELOISE GUERRA, MARCO GUERRA, AND AMERICAN NATIONAL
PROPERTY & CASUALTY INSURANCE COMPANY, Appellants

V.

CURTIS HOWARD, Appellee




On Appeal from County Civil Court at Law No. 1
Brazoria County, Texas
Trial Court Cause No. 28,412M




MEMORANDUM OPINION
          Appellants, Eloise Guerra, Marco Guerra, and American National Property &
Casualty Insurance Company, appeal the trial court’s judgment that they take nothing
in their negligence suit against appellee, Curtis Howard. This suit arose from a car
accident in which there was property damage but no bodily harm. The trial court’s
judgment was based on the jury’s answers to the questions presented in the jury
charge. In two issues, appellants contend that (1) the jury’s failure to find that
Howard’s negligence was a proximate cause of the collision should be set aside as
contrary to the great weight of the evidence and manifestly unjust, and (2) the jury’s
finding that Eloise Guerra’s negligence was a proximate cause of the collision should
be set aside because there was no evidence, or insufficient evidence, to support that
finding. We affirm.
BACKGROUND
          At approximately 6:30 a.m. on October 23, 2000, Eloise Guerra was driving her
pick-up truck on her way to work. Part of her route included traveling north on
county road 180 and crossing two bridges on that road. County road 180, at the
location of the accident, has one northbound lane and one southbound lane. These
lanes are not marked by a divider or by stripes indicating the center of the road. Two
bridges are part of the road, a 58-foot long northern bridge and a 41-foot long
southern bridge. These bridges are 50 feet apart and are wide enough for cars
traveling in opposite directions to pass.
          Howard was traveling south on county road 180 in his pick-up truck, pulling
a trailer that contained pressure-washing machinery and a full 325-gallon water tank.
Because it was still dark, Howard had his headlights on. The trailer was painted
black, but had reflective pinstriping, and its lights were on. Howard testified that, as
he approached the north bridge, his speed was about 25 miles per hour because his
trailer was heavy and because he knew that the bridges were not level. Howard stated
that he noticed Guerra’s headlights coming toward him as he approached the North
bridge.
          Guerra turned onto county road 180 slightly less than half a mile south of the
south bridge. Guerra testified that she first noticed Howard’s truck lights as she was
approaching the south bridge. She could not see the trailer Howard was pulling
because of the glare of his headlights. Guerra was able to ascertain that Howard’s
vehicle was a pick-up truck and not a dump truck or other large truck. Her practice
was to proceed over a bridge unless a dump truck or other large truck was coming,
so she began to cross the south bridge. 
          Howard testified that he did not notice anything strange about Guerra’s truck
until he had crossed the north bridge and was approaching the south bridge. During
his approach, he noticed that Guerra was accelerating to cross the bridge rather than
slowing down to let him pass. Howard testified that he was between the two bridges
at this point, but could not tell whether he had enough room to pull off to the side
rather than to continue over the south bridge. Howard began to cross the south bridge
after judging that he would not be able to pull over between the bridges. He further
stated that it was clear that Guerra was not going to stop before the bridge and that
he attempted to “hug” the side of the bridge while still attempting to clear the bridge
before Guerra started crossing.
          Howard was unable to cross the south bridge before Guerra’s arrival. The
testimony about how the actual accident occurred is conflicting. However, the result
was that the left rearview mirrors of both trucks were damaged, Guerra’s front left tire
was torn off and Howard’s trailer had damage to the left fender. 
          Guerra testified that Howard’s truck seemed to be slightly on her side of the
road at the time that the two vehicles were passing each other. She said that she tried
to stay as far as possible to the right side of the road. The first thing she felt was a
jerk, pulling her truck to the left, and then she had difficulty controlling the truck,
although she was able to control it well enough to finish driving across both bridges. 
Guerra did not remember her rear view mirror scraping Howard’s. Further, she
initially thought that she had had a tire blowout, rather than having her left front tire
pulled away from her truck. After losing the tire, a metal part of her vehicle made
gouges in the pavement, indicating the path of her truck as she made her way off of
the bridge.
          Howard testified that he was as far to the right as possible while crossing the
south bridge. He further testified that the initial impact occurred when his and
Guerra’s rear view mirrors hit and that, immediately after that, he looked at Guerra
and saw no indication that she had noticed this impact, either by slowing down or
looking at him. The second impact, according to Howard, occurred when Guerra’s
truck hit the front fender of his trailer. He stated that it did not look like Guerra was
completely on her side of the road. The second impact felt like it was jerking
Howard’s truck back and he immediately hit his brakes. Howard looked back to
determine if he was off the bridge, and then pulled his truck off to the side of the
road.
DISCUSSIONIn their first issue, appellants contend that the jury’s failure to find that
Howard’s negligence was a proximate cause of the collision should be set aside as
contrary to the great weight of the evidence and manifestly unjust. Appellants argue
that the overwhelming weight of the evidence proves that Howard’s negligence was
a proximate cause of the collision.
          In their second issue, appellants contend that the jury’s finding that Guerra’s
negligence was a proximate cause of the collision should be set aside because there
was no evidence or, in the alternative, insufficient evidence to support that
conclusion.
Standard of Review
          When considering a factual sufficiency challenge to a jury’s verdict, we must
consider and weigh all of the evidence, not just that evidence which supports the
verdict. Mar. Overseas Corp. v. Ellis, 971 S.W.2d 402, 406-07 (Tex. 1998). We set
aside the verdict only if it is so contrary to the overwhelming weight of the evidence
that the verdict is clearly wrong or unjust. Id at 407. We may not pass on the
witness’s credibility or substitute our judgment for that of the jury, even if the
evidence would clearly support a different result. Id. 
          When the party without the burden of proof challenges the legal sufficiency of
the evidence, we consider all of the evidence in the light most favorable to the
prevailing party, indulging every reasonable inference in that party’s favor. 
Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex.
1998); Ned v. E.J. Turner & Co., Inc., 11 S.W.3d 407, 408 (Tex. App.— Houston [1st
Dist.] 2000, pet. denied). If there is more than a scintilla of evidence to support the
finding, we must uphold it. Formosa Plastics Corp. USA v. Presidio Enq’rs, 960
S.W.2d 41, 48 (Tex. 1998). 
          When the appellant challenges the factual sufficiency of the evidence on an
issue on which it did not have the burden of proof, the appellant must demonstrate the
evidence is insufficient to support the adverse finding. 17090 Parkway, Ltd. v.
McDavid, 80 S.W.3d 252, 258 (Tex. App. — Dallas 2002, pet. denied). In reviewing
a factual insufficiency point, we consider all of the evidence presented at trial. Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989). We set aside the
verdict in a factual sufficiency challenge only if it is so contrary to the overwhelming
weight of the evidence that the verdict is clearly wrong or unjust. Ellis, 971 S.W.2d
at 407.
Howard’s Negligence
          Howard testified that he remained on his side of the road at all times, including
his statement that he attempted to “hug” the side of the bridge when he realized that
appellant was not going to stop to allow him to exit the bridge. No evidence was
presented that Howard was distracted or failed to pay attention to the road. Howard
testified that he purchased his trailer from a dealer and that it was “street legal” in all
ways. 
          Appellant testified that she saw Howard’s truck move onto her side of the road
before the accident. Officer Hernandez, who investigated the accident, felt the
physical evidence of the gouges in the road indicated that the accident was caused by
Howard coming over to appellant’s side of the road and that appellant’s conduct did
not contribute to the accident. However, Hernandez testified that he had taken no
courses in accident reconstruction, had no witnesses that could attest to what
happened, and had not previously investigated accidents on this road or on bridges.
          The jury is the sole judge of a witness’s credibility and the weight to be given
their testimony. Eberle v. Adams, 73 S.W.3d 322, 327 (Tex. App.—Houston [1st
Dist.] 2001, pet. denied). The jury may believe one witness and disbelieve another,
and it may resolve inconsistencies in any testimony. Id. Here, the jury was free to
believe the testimony of Howard and discount that of Hernandez and Guerra. We
hold that the jury’s verdict was not contrary to the great weight of the evidence. We
overrule appellant’s first point of error.
Guerra’s Negligence
          Howard testified during trial that it did not look like appellant was on her side
of the road at the time the mirrors hit. He also stated that appellant, at this initial
impact, had her arms over the steering wheel and was looking straight ahead, not
slowing down or looking at him. Guerra testified that she did not recall her mirror
hitting Howard’s mirror. She further testified that she could not see the trailer before
she went onto the bridge, because she was being blinded by the truck’s lights. 
However, as she could tell it was a pickup truck rather than a larger one, she
proceeded onto the bridge. This is more than a scintilla of evidence from which a
jury could find that appellant acted negligently. Therefore, the evidence is legally
sufficient to support the jury’s verdict.
          Appellant also argues that the presented evidence was factually insufficient to
show that she was negligent. The testimony referenced above, namely that appellant
was inattentive at the time of the impact of mirrors, was driving on the wrong side of
the road, failed to notice that Howard was pulling a trailer, and that appellant
continued down the bridge after, by her own testimony, not being able to see because
of Howard’s headlights, was factually sufficient to allow a jury to find that appellant
was negligent. We hold that there was more than a scintilla of evidence to support
the jury’s verdict and that the verdict was not against the great weight and
preponderance of the evidence. We overrule appellant’s second point of error.
CONCLUSION
          We affirm the judgment of the trial court. 
 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Alcala and Hanks.