Opinion issued June 10, 2004

















In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00547-CV




LA STRADA-SAN FELIPE, LTD., Appellant

V.

ATW PLUMBING SERVICES, INC., Appellee




On Appeal from the County Civil Court of Law No. 4
Harris County, Texas
Trial Court Cause No. 757,230




MEMORANDUM OPINION
          This appeal stems from a dispute regarding the payment for plumbing goods
and services. Appellant, La Strada-San Felipe, Ltd., was sued by appellee, ATW
Plumbing Services, Inc. (ATW), for failure to pay for goods and services provided. 
The trial court entered a judgment in favor of ATW. Appellant, in five issues,
contends that the trial court erred and asks that we reverse the trial court’s judgment. 
We affirm.
BACKGROUND
          Appellant is one of two La Strada restaurants in Houston. ATW is a plumbing
company mainly operating in Harris and contiguous counties. ATW claims that it
was called by someone at appellant’s business and was told that the manager had
trouble with the health department because the garbage disposals were not working. 
After examining the three garbage disposals in that location, ATW determined that
one disposal required repair of an electrical problem, but the other two disposals
needed to be replaced. ATW purchased two replacement disposals and installed
them, submitting an invoice, number 2979, to appellant for $7,179.63. Victor Patel,
the manager of appellant at that time, signed the work order, but testified that he was
rushing out of the restaurant and did not read it. He testified that the work order did
not have any prices listed when he signed it. Patel also testified that, because ATW
had never done a repair costing more than $300 for either of the La Strada restaurants,
he was not aware that ATW would be making an expensive repair at this time. Paul
Maguire, an employee of ATW, testified that the work order was filled out when Patel
signed it and that Patel was concerned about the cost, but still signed the order. 
           Appellant refused to pay invoice 2979 and several other invoices for work
performed before and after this incident. ATW sent a letter to appellant demanding
payment, but offering to settle the dispute. Appellant countered by claiming that the
work had not been requested, but that they would pay 25 cents on the dollar if ATW
would return and fix one of the garbage disposals, which was not working at the time. 
ATW did not respond to appellant’s offer and filed suit. 
          In a bench trial, ATW pleaded an action on a sworn account, also alleging
ratification and quantum meruit as alternative theories of liability. Appellant asserted
that, regarding all of the invoices, the prices charged by ATW were not just or agreed
to and, specifically in relation to invoice 2979, that appellant had not ordered the
installations of the disposals and Patel did not have authority to have ATW install the
disposals.
          The trial court found appellant liable to ATW on all of the invoices and entered
judgment for ATW for the sum of $7,795.39 as principal, as well as additional sums
for prejudgment interest, court costs, and attorney’s fees. The trial court also issued
findings of fact.
DISCUSSION
I. Sufficiency of the Evidence
          In his first issue presented for review, appellant contends that the trial court
erred in rendering judgment against it because the evidence was legally and factually
insufficient to support the trial court’s finding that appellant was liable to ATW for
the amount of $7, 795.31 based on ATW’s cause of action for recovery of a debt. In
his fifth issue, appellant contends that the trial court erred in rendering judgment
against it because the evidence was legally and factually insufficient to support the
trial court’s finding that appellant was liable to ATW for the amount of $7,795.31
based on appellant’s ratification of Patel’s authorization.
          A. Standard of Review
          When the party without the burden of proof challenges the legal sufficiency of
the evidence, we consider all of the evidence in the light most favorable to the
prevailing party, indulging every reasonable inference in that party’s favor. 
Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex.
1998); Ned v. E.J. Turner & Co., 11 S.W.3d 407, 408 (Tex. App.—Houston [1st
Dist.] 2000, pet. denied). If there is more than a scintilla of evidence to support the
finding, we must uphold it. Formosa Plastics Corp. USA v. Presidio Eng’rs, 960
S.W.2d 41, 48 (Tex. 1998). “When the evidence offered to prove a vital fact is so
weak as to do no more than create a mere surmise or suspicion of its existence, the
evidence is no more than a scintilla and, in legal effect, is no evidence.” Kindred v.
Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983); Seideneck v. Cal Bayreuther
Assocs., 451 S.W.2d 752, 755 (Tex. 1970). However, if the evidence supplies some
reasonable basis for differing conclusions by reasonable minds as to the existence of
a vital fact, then there is some evidence. Kindred, 650 S.W.2d at 63.
          By contrast, when a party challenges the factual sufficiency of the evidence on
an issue on which it did not have the burden of proof, it must demonstrate that the
evidence is insufficient to support the adverse finding. 17090 Parkway, Ltd. v.
McDavid, 80 S.W.3d 252, 258 (Tex. App.—Dallas 2002, pet. denied). In reviewing
a factual insufficiency point, we consider, weigh, and examine all the evidence
presented at trial. Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex.
1989). We set aside a finding for factual insufficiency only if the evidence is so
“contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust.” Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 
          In a suit on a sworn account, to establish sufficient evidence to support a prima
facie case, as well as summary disposition of the case, the movant must strictly adhere
to the provisions outlined in the Texas Rules of Civil Procedure. Powers v. Adams,
2 S.W.3d 496, 498 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Under rule 185,
a plaintiff’s petition on a sworn account must be based on the business dealings of the
parties and must be supported by an affidavit stating that the claim is within the
affiant’s knowledge and that it is “just and true,” that the claim is due, and that all
lawful offsets have been allowed. Tex R. Civ. P. 185. Similarly, the defendant’s
denial of a sworn account must be written and supported by an affidavit denying the
account. Id. It is settled that a defendant’s verified denial of the correctness of a
plaintiff’s sworn account, in the form required by rule 185, destroys the evidentiary
effect of the itemized account and forces the plaintiff to put on proof of its claim. 
Rizk v. Fin. Guardian Ins. Agency, Inc., 584 S.W.2d 860, 862 (Tex. 1979).
          In the present case, it is not controverted that both parties followed the proper
form for submitting and disputing a claim on a sworn account. Therefore, because
the defendant denied the account, the plaintiff was forced to put on proof of its claim.
          B. Invoices 2968, 2969, 2011, 3017
            In regard to four of the invoices, numbers 2968, 2969, 3011, and 3017,
appellant contends that ATW failed to prove that the services were ordered or that the
account was just because, appellant asserts, ATW did not show that the prices
charged were reasonable. ATW, as proof of its claim, submitted work orders and
invoices for each of the disputed jobs. The work orders detailed the goods and
services provided and the price charged for parts and labor. Victor Lorenz, owner of
ATW, testified that the work orders are normally filled out once a job is completed
and then signed by the customer. The invoice is sent to the customer for payment
shortly thereafter. Lorenz also testified regarding how the on-site workers determine
the prices for the goods and labor. There was no evidence disputing the claims based
on these four invoices at trial. In fact, the owner of appellant, Aldo Catania, testified
that he did not know why or whether these four invoices had not been paid, but he
also remarked that the reason why they may not have been paid was due to the
disagreement over invoice 2979. In addition, Patel testified that he was authorized
to sign for expenditures for amounts less than $800, so the smaller work orders were
well within his authorization.
          We hold that there was some evidence to support the trial court’s findings with
regard to these four invoices. In addition, the trial court’s findings regarding these
four invoices was not so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust. We overrule appellant’s factual and legal sufficiency
challenges to invoices 2968, 2969, 3011, and 3017.
          C. Invoice 2979
          Regarding invoice 2979, appellant asserts that ATW failed to prove the
justness of the account because the work was not authorized, nor were the prices
agreed to. Appellant claims that Patel did not have authority to agree to order the
work or agree to the prices on invoice 2979 because his purchasing authority was
only $800, far below the amount on the invoice. Appellant also argues that there was
no evidence that the prices charged were customary, reasonable, or fair.
          D. Ratification
          The trial court, in one of its findings of fact, found that Patel did not have the
authority to purchase the goods and services supplied by ATW in invoice 2979. 
However, the trial court also found that appellant had ratified Patel’s actions. 
          The general rule in principal-agent relations is that the agent’s unauthorized
actions do not bind the principal unless (1) the principal ratifies those actions or (2)
something estops the principal from denying the authority of those actions. Elliot
Valve Repair Co. v. B.J. Valve & Fitting Co., 675 S.W.2d 555, 560-61 (Tex.
App.—Houston [1st Dist.] 1984, rev’d on other grounds, 679 S.W.2d 1 (Tex. 1984). 
Therefore, appellant could still be liable for invoice 2979 if, as found by the trial
court, appellant had ratified the transaction.
          Ratification is the adoption or confirmation by a person with knowledge of all
material facts of a prior act that did not then legally bind him and that he had the right
to repudiate. Avary v. Bank of Am., N.A., 72 S.W.3d 779, 788 (Tex. App.—Dallas
2002, pet. denied). Such approval can be given through act, word, or conduct. K.B.
v. N.B., 811 S.W.2d 634, 638 (Tex. App.—San Antonio 1991, writ denied); see Stable
Energy, L.P. v. Newberry, 999 S.W.2d 538, 547 (Tex. App.—Austin 1999, pet.
denied) (concluding that ratification can occur through affirmative acknowledgment
of contract). Further, one may ratify the acts or contract of another whether the other
was his agent and exceeded his authority or was not his agent at all. See Hays v.
Marble, 213 S.W.2d 329, 333 (Tex. Civ. App.—Amarillo 1948, writ dism’d).
          Appellant argues that it attempted to have the disposals removed and did not,
in any way, ratify the contract. The only indication that appellant wished to have the
disposals removed was through Patel’s testimony that after he received invoice 2979,
about a week after the installation of the disposals, he called ATW’s office and
informed ATW that he did not authorize the transaction. He stated that one of ATW’s
employees, whom he did not know but had seen working for ATW previously, talked
to him and heard his request that the disposals be removed.
          Aldo Catania, owner and operator of the La Strada restaurants, testified that he
learned of invoice 2979 shortly after Patel received it or when it arrived in his office. 
He spoke to Patel about it, but did not explicitly tell Patel to offer to return the
disposals. After Catania received the demand letter from ATW, sometime in late
March 2001, he authorized his counsel to write a letter to determine whether it was
possible to get maintenance support for the disposals. This letter rejected a settlement
offer from ATW, stated that one of the disposals ATW installed did not work, and
offered to settle the case for 25 cents on the dollar if the non-working disposal was
repaired. 
          Lorenz testified that he received a telephone call in January 2001 informing
him that Patel was not authorized to sign for the amount contained on invoice 2979. 
Lorenz further testified that he asked someone from appellant whether he could get
the disposals back, but received no reply.
          ATW also points to evidence that shows that an examination of the disposals
indicated that they had been used frequently. Lorenz testified that one disposal was
not working because a quarter was jammed into the grinding gears and that, if this
blockage were removed, the disposal would function. He further stated that the other
disposal had been used so much that its grinding mechanism had been worn down. 
Maguire testified that both disposals were working after their installation on
December 15.
          We hold that there was some evidence to support the trial court’s finding that
appellant ratified the unauthorized actions of its employee. In addition, we hold that
the trial court’s finding of ratification was not so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Accordingly, we overrule
appellant’s fifth issue. 
          Further, having concluded that the evidence supports the trial court’s finding
regarding invoices 2968, 2969, 3011, and 3017 and the trial court’s finding of
ratification of invoice 2979, we hold that the evidence is legally and factually
sufficient to support the trial court’s finding that appellant was liable to ATW for
$7,795.31. We overrule appellant’s first issue.
          We need not consider appellant’s alternative argument that there is no evidence
that the prices charged were customary, reasonable, and fair because such a
determination is required only in the absence of an agreement and, with the
establishment of ratification, is not necessary to support the judgment. Moreover, in
light of our disposition of appellant’s first and fifth issues on appeal, we need not
reach appellant’s third issue challenging the legal and factually sufficiency of the
evidence to support the trial court’s finding of liability based on the theory of
quantum meruit.
II. Quantum Meruit and Ratification
          Appellant, in his second and fourth issues presented on appeal, asserts that the
trial court erred in rendering judgment against La Strada-San Felipe, Ltd. on the cause
of action for quantum meruit and on the cause of action of ratification because “there
was no pleading of a cause of action for quantum meruit by ATW as to La Strada-San
Felipe, Ltd.” and “there was no pleading by ATW of a cause of action for ratification
as to La Strada-San Felipe, Ltd.” We do not consider appellant’s argument about
quantum meruit because of our disposition of issue one. We also note that ratification
is not a cause of action, but a defense.
          The purpose of pleadings is to give fair notice of the claim or defense asserted
to provide counsel with enough information to prepare a defense or answer. Tex. R.
Civ. P. 45, 47 (requiring that pleadings give fair notice to parties of claim asserted);
Paramount Pipe & Supply Co. v. Muhr, 749 S.W.2d 491, 494 (Tex. 1988) (stating
that purpose of fair-notice requirement is to provide opposing party with sufficient
information to prepare defense). A petition is to be construed liberally in favor of
the pleader to determine whether it gives the opposing party information sufficient
to enable it to prepare a defense. See Roark v. Allen, 633 S.W.2d 804, 809-10 (Tex.
1982).
           In the ratification section of its petition, ATW states, “If it is found that La
Strada has no knowledge of the unauthorized act of its agent, but after it gained the
knowledge of the action it retained the benefit of the transaction thus ratifying the
acts of its agent ” [sic]. In ATW’s “Plaintiff’s First Amended Petition,” it named “La
Strada,” “La Strada, Inc.,” “La Strada-San Felipe, Ltd.,” and Viral Patel as
defendants. ATW alleged that La Strada was a partnership and that process could be
served upon its general partner, La Strada, Inc. In his affidavit supporting appellant’s 
response to the motion for summary judgment, Aldo Catania stated that he was the
president of “La Strada, Inc.” and the managing partner of “La Strada-San Felipe,
Ltd.” At trial, he testified that “La Strada Inc.” and “La Strada-San Felipe, Ltd.” were
two separate entities. 
          Appellant was named in ATW’s petition, was served, and participated fully at
trial. While ATW used the name, “La Strada” in its pleadings asserting ratification,
rather than “La Strada-San Felipe,” appellant was placed on notice that ratification
would be an issue at trial. Appellant was given sufficient information about defense
of ratification at trial to allow appellant to prepare a defense.
          Furthermore, invoice 2979, which is the only invoice to which ratification
would apply, was clearly related to “La Strada-San Felipe, Ltd.” Appellant made no
special exception, nor did it contend that it was the incorrect La Strada entity at trial. 
Thus, even if there were a pleading defect, ratification was tried by consent. We
overrule appellant’s second and fourth issues. 
CONCLUSION
          We affirm the judgment of the trial court.

 
 
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Keyes.