MEMORANDUM OPINION
















 

 

 

 

 

 

 

 

MEMORANDUM OPINION

 

 

No. 04-07-00151-CV

 

Orion Marketing Group, Inc.,

Appellant



 

v.

 

Harold R. Morris,

Appellee

 

From the County Court At Law No. 10, Bexar County, Texas

Trial Court No. 295262

Honorable Timothy Johnson, Judge Presiding

 

Opinion by:     Rebecca
 Simmons, Justice

 

Sitting:            Catherine
Stone, Justice

                        Karen Angelini, Justice

                        Rebecca Simmons, Justice

 

Delivered and
Filed:   February 20, 2008

 

AFFIRMED IN
PART, REVERSED AND RENDERED IN PART

 

Appellee Harold R. Morris
(“Morris”) filed a lawsuit against his former employer, Orion Marketing Group,
Inc. (“Orion”) for retaliation and discrimination.  The jury found in favor of Morris and awarded
actual, compensatory, and exemplary damages. 
The main issues on appeal are (1) whether the trial court erred in
submitting instructions containing circumstantial evidence factors to the jury
and (2) whether the plaintiff met his evidentiary burden for his exemplary
damages claim.  Because there is no
evidence to support the jury’s finding of malice, we reverse, in part, the
judgment of the trial court and render judgment that Morris take nothing with
regards to his claim for exemplary damages and affirm the remainder of the
judgment. 

Background

Morris started working at Orion
in February of 2001.  On April 10, 2003,
Morris suffered a work-related accident injuring both of his shoulders.  As a result, he was hospitalized for about
three weeks and filed a claim for workers’ compensation with the Texas
Workforce Commission.  

Morris returned to work at Orion
in September of 2003, with restrictions from his doctor allowing him to work
light duties for about four hours a day. 
Orion, however, did not return Morris to his prior position as “Quality
Assurance Manager” but instead assigned Morris to telephone operator
duties.  Morris’s pay was reduced.  In February of 2004, Morris began working on
a full-time basis.  

Orion terminated Morris’s
employment on June 7, 2004.    On May 12,
2006, Morris filed a lawsuit against Orion claiming that he was demoted and
terminated because he filed a workers’ compensation claim.  The jury found that Orion discharged or
discriminated against Morris because he filed a workers’ compensation claim and
awarded damages.  The jury also found the
harm to Morris resulted from malice and awarded exemplary damages.  This appeal ensued.  

Jury Charge Error

            Generally, in issues one and two, Orion claims the trial
court erred in submitting Question One to the jury because (1) it fails to
track the wording of Section 451.001 of the Texas Labor Code; (2) it exceeds
Section 451.001 by instructing the jury on arbitrary points, including
providing the jury a list of circumstantial factors leading the jury to make a
finding of employment discrimination; and (3) it fails to include the word
“and” in the list of circumstantial factors. 


Question One of the jury charge
states: 

D[id] Orion Marketing Group
Inc., discharge or discriminate against Harold R. Morris because he filed a
workers’ compensation claim, or instituted a workers’ compensation claim in
good faith?  

 

Section 451.001 of the Texas Labor Code provides that no person
may discharge or in any other manner discriminate against an employee because
the employee has instituted or caused to be instituted in good faith any
proceeding under the Texas Workers’ Compensation Act.  

 

An employee institutes a
worker’s compensation proceeding in good faith when he reports his job related
injury to his supervisor.  

 

In determining whether an
employee has proved by a preponderance of the evidence that an employer
discharged or discriminated against an employee you may consider the following 

      

(a)               
whether
the person terminating the employee had knowledge of his job related injury;[1]

 

(b)              
whether
a negative attitude was expressed by Orion toward the employee’s injured
condition; 

 

(c)               
whether
the employer adhered to establish company policies regarding the employee; 

 

(d)              
whether
the employee experienced discriminatory treatment as compared to other
similarly-situated employees; 

 

(e)               
whether
the reason provided by the employer for the employee’s discharge was false.[2]  

 

 

Assuming, without deciding, the
trial court erred in submitting the instructions, we conclude there is no
reversible error.  

In determining whether an
alleged error in submitting instructions to the jury is reversible, “the
reviewing court must consider the pleadings of the parties, the evidence
presented at trial, and the charge in its entirety.”  Island
Recreational Dev. Corp. v. Republic
 of Tex. Sav. Ass’n,
710 S.W.2d 551, 555 (Tex.
1986).  The alleged error will constitute
reversible error only if it “was reasonably calculated to and probably did
cause the rendition of an improper judgment.” 
Reinhart v. Young, 906 S.W.2d
471, 473 (Tex.
1995).  More specifically, in order to
constitute reversible error, we must conclude that the instructions in Question
One caused the case to be decided differently than it would have been without such
instructions.  Id.; see Bed, Bath & Beyond, Inc. v. Urista, 211 S.W.3d 753, 759 (Tex. 2006).  

Orion claims that submitting the
instructions was reversible error because the instructions “lowered [Morris’s]
burden of proof, and it led the jury to an affirmative answer on the issue of
employment discrimination.”  Morris’s
burden was to establish that his termination would not have occurred when it
did if he had not filed his workers’ compensation claim.  See Continental
Coffee Prods., Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996). 
There is no dispute that Morris filed a workers’ compensation claim and
that his employment was terminated.  The
issue, here, is one of causation.  

In Continental Coffee Prods., Co. v. Cazarez, 937 S.W.2d 444, 451
(Tex. 1996), the supreme court provided a nonexclusive list of factors that
could establish the causal link between the filing of a workers’ compensation
claim and the employment termination. 
Specifically, the supreme court stated: 

[c]ircumstantial evidence
sufficient to establish a causal link between termination and filing a
compensation claim includes:  (1)
knowledge of the compensation claim by those making the decision on
termination; (2) expression of a negative attitude toward the employee’s
injured condition; (3) failure to adhere to established company policies; (4)
discriminatory treatment in comparison to similarly situated employees; and (5)
evidence that the stated reasons for the discharge was false.

 

Id.
These are the
same factors listed in the instructions. 
As evidence that the jury relied on these instructions, Orion notes that
the jury placed a “yes” next to the first factor, which suggests that it was
the only factor the jury relied on. 
However, the record reveals there is evidence supporting several
additional factors.  

Linda Seringer, Orion’s Director
of Human Resources was aware that Morris had filed a workers’ compensation
claim prior to his termination.  The
termination letter that Seringer provided Morris stated he was being terminated
because he had not worked his daily or weekly scheduled hours and his “‘Day Off
Request’ form was not signed by [his] supervisor and is not valid.”   Seringer’s testimony at trial regarding the
Day Off Request form was inconsistent. Seringer testified that “[Morris]
wouldn’t have been terminated had this form not come in after he was – after he
was back from his vacation.”  Seringer also
testified that Morris never turned in the Day Off Request form.  Both of these statements conflicted with the “Work
Separation Details” form, submitted to the Texas Workforce Commission, wherein Seringer
stated that Morris gave the form to the company trainer, instead of his
manager.  

Morris testified that, prior to
leaving for vacation, he turned in the Day Off Request form and that a floor
manager told him it was approved.  He
further testified that he had always followed this procedure in requesting days
off.  Kale Harris, a former employee of
Orion, testified that the procedure for requesting time off was to turn in the
Day Off Request form to a floor manager, but he was not sure what happened
after submitting the form.  Harris also
testified that, on at least one occasion, he received the Day Off Request form
from the floor manager after he returned from his vacation.  Harris identified the company trainer, to whom
Morris allegedly gave his form, as a floor manager.  

Orion’s reasons for terminating
Morris’s employment were inconsistent and there is some evidence the alleged
reason for termination was pretextual.  The
record shows that upon Morris’s return to work from his injury, he was demoted
and his pay reduced.  There was testimony
that Orion questioned Morris’s inability to work an eight hour shift.  The employee handbook at Orion did not
address the procedure for requesting time off. There was testimony that Morris
did not receive written warnings, like other employees, prior to his
termination.  The person terminating
Morris had knowledge of his job related injury. 

 Reviewing the entire record, there is no
evidence that the jury inappropriately relied on the questionable instructions
or that the jury was confused.  Regardless
of the instructions, there is evidence to support the trier of fact’s finding
that his termination would not have occurred when it did if he had not filed
his workers’ compensation claim.  Thus,
the evidence in this case fails to indicate that the instructions in Question
One caused the case to be decided differently than it likely would have been
without the instructions.  Accordingly, even
if the trial court erred in submitting the instructions, the record fails to
show that such error constitutes reversible error.  See Bed,
Bath & Beyond, Inc., 211 S.W.3d at 759 (stating “when considering the
entire record in this case, which provides no clear indication that the
instruction probably caused the rendition of an improper verdict, we must
conclude that the trial court’s submission of the instruction was harmless”).  We overrule Orion’s issues number one and
two.    

Sufficiency of the Evidence

In issue number three, Orion
argues that there is no evidence or factually insufficient evidence to support
the jury’s finding of malice.  Contingent
on issue three, Orion asserts that because there is no evidence to support the
jury’s finding of malice, the jury’s award of exemplary damages should be
disregarded.  

The trial court submitted to the
jury the following definition:  

“Malice” means a specific intent
by Orion Marketing Group Inc. to cause substantial injury or harm to Harold R.
Morris.  

 

This definition differs from the
one pronounced in Continental Coffee,
937 S.W.2d at 452.  Because there was no
objection, however, we review the evidence of malice in light of the submitted
definition.  City of Fort Worth v. Zimlich, 29
S.W.3d 62, 71 (Tex.
2000).  Nonetheless, “an act will not be
deemed malicious and so warranting punitive damages, merely because it is
unlawful or wrongful.”  Continental Coffee, 937 S.W.2d at
454.  Thus, we turn to whether there is
sufficient evidence to support the jury’s finding that Orion engaged in
retaliatory conduct with the intent to cause Morris substantial injury.  

A.   
Standards of Review

When a party, without the burden
of proof, challenges the legal sufficiency of the evidence, an appellate court
considers all of the evidence in the light most favorable to the prevailing
party, indulging every reasonable inference in that party’s favor.  Associated Indem. Corp. v. CAT
Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex.
1998); Ned v. E.J. Turner & Co.,
11 S.W.3d 407, 408 (Tex. App.—Houston
[1st Dist.] 2000, pet. denied).  “A
corollary to this requirement is that a court should disregard all evidence
that a reasonable factfinder could have disbelieved or found to have been
incredible.  This does not mean that a
court must disregard all evidence that does not support the finding.”  Southwestern
Bell Telephone Co., v. Garza, 164 S.W.3d 607, 627 (Tex. 2004),

If there is more than a
scintilla of evidence to support the finding, the appellate court must uphold
it.  Formosa
Plastics Corp. USA v.
Presidio Eng’rs and Contractors, Inc., 960 S.W.2d 41, 48 (Tex. 1998). 
When the evidence offered to prove a vital fact is so weak, as to do no
more than create a mere surmise or suspicion of its existence, the evidence is
no more than a scintilla and, in legal effect, is no evidence.  Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004) (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex.1983)).
However, if the evidence supplies some reasonable basis for differing
conclusions by reasonable minds as to the existence of a vital fact, then there
is legally sufficient evidence.  King Ranch, Inc. v. Chapman, 118 S.W.3d
742, 751 (Tex.
2003).

B.    
Analysis

There was some evidence that Orion’s
reasons for termination were false.  Orion
gave multiple inconsistent reasons for terminating the employment of Morris,
which the jury could have considered as a pretext.  In the “Work Separation Details” form to the
Texas Workforce Commission, Linda Seringer wrote that Morris missed three days
without obtaining permission from his supervisor and she had previously warned
Morris that he needed to work his scheduled hours.  Yet, other evidence suggested that the
warnings Linda gave to Morris were that if he failed to work at least 35 hours
a week he would not be able to maintain his health insurance benefits.  Linda further wrote that Morris handed the
Day Off Request form to a company trainer instead of his manager.  At trial, there was testimony that the
company trainer was a floor manager.  There
was also evidence that Morris did not receive a warning prior to termination
like other individuals who had not filed a workers’ compensation claim.  

In Southwestern Bell Telephone Co., v. Garza, 164 S.W.3d 607 (Tex. 2004), the supreme
court addressed whether there was legally sufficient evidence to support the
jury’s finding that Southwestern Bell acted with malice in terminating the
employment of Garza for filing a workers’ compensation claim.  The court noted the following evidence:

• Gonzalez-implied Garza was a
bully; told Rider he had long-term problems with Garza and was “fed up” while
allowing Garza to return to outside work; went out of his way to see that Garza
was punished, even after Garza was no longer under his supervision; distorted
Garza’s safety record, blowing small incidents out of proportion, even though
Garza continued to be rated as satisfactory on safety two days after discipline
was imposed; gave Rider a second report that was a diatribe against Garza;

 

• Rider-admitted he was
personally familiar with Garza, although he had some 500 employees under his
supervision, and pressed for having Garza disciplined without a determination
that Garza was at fault in the accident with Hernandez; severely disciplined
Garza while calling him one of SWBT’s best linemen; faulted Garza’s safety
record as a lineman but offered Garza the same work as an independent
contractor;

 

• the discipline imposed on
Garza was not required by SWBT policies;

 

• the union meetings following
Garza’s discipline were a sham, or as Rider put it, “window dressing”;

 

• after discipline was imposed,
Garza was assigned demeaning work, humiliating him in front of his co-workers;

 

• Hernandez was not disciplined.

Id.
at 628.  The court then reviewed other undisputed
evidence that militated against a finding of malice.  Id.  Despite
the recited evidence, the court was unable to conclude that the evidence was
sufficient to allow a reasonable trier of fact to form a firm belief or
conviction that Southwestern Bell acted toward
Garza with malice.  Id.  Much
like in Garza, the acts of Orion show
unlawful conduct but do not rise to the level of egregiousness sufficient to
support a finding that Orion intended to cause substantial injury or harm to
Morris.  

Further, there was undisputed
evidence that Orion did not act with malice and we cannot disregard that
evidence.  Id. at 629 (stating that “the standard of review
requires that we credit evidence the jury could have believed without
disregarding undisputed evidence”). 
Linda Seringer and her husband, Joe Seringer, visited Morris in the
hospital.  Orion filed the workers’
compensation claim for Morris.  After Morris
returned to full-time duties, Orion offered flexible hours so that he could
meet his required forty hour work week.  

As additional evidence of
malice, Morris refers to emails he received from Deborah Costello-Miller, an
employee of Orion.  Costello-Miller was a
“tele-services representative” with Orion and corresponded with Morris after
his termination.  In one of these emails,
dated June 14, 2004, Costello-Miller, in relevant part, states: “I wanted to
tell you that they were just looking for a way to get rid of you because you
cost [L]inda money for your injury but there’s no way to prove it.”[3]  Costello- Miller’s statement expresses a
suspicion that Morris was fired because he filed a workers’ compensation
claim.  None of Costello-Miller’s emails or
testimony explained the basis for her conclusion.  Costello-Miller’s statement constitutes no
more than her subjective belief and unsupported conclusion.  If the evidence does no more than create a mere
surmise or suspicion of fact, less than a scintilla of evidence exists. 
King Ranch, Inc. v. Chapman,
118 S.W.3d 742, 751 (Tex. 2003); see
Southwestern Bell Telephone Co., v. Garza, 164 S.W.3d 607, 621 (Tex. 2004)
(stating “evidence which does no more than create a mere surmise or suspicion
cannot prove the truth of an allegation”). 
Costello-Miller’s statements are no evidence that Orion terminated
Morris’s employment because he filed a workers’ compensation claim much less
that Orion did so with malice.  See Baptist Mem’l Healthcare Sys. v. Casanova,
2 S.W.3d 306, 309-10 (Tex. App.—San Antonio 1999, pet. denied) (disregarding as
no evidence the witnesses’ testimony that the employer did not apply its leave
of absence policy uniformly because the testimony was “no more than their
subjective beliefs and unsupported conclusions”).   Thus, Morris’s reliance on Costello’s email
as some evidence of malice is misplaced.

Morris also notes as evidence of
malice that Michael Seringer, Vice-President of Operations at Orion, threatened
to file a countersuit against him and his attorney.  However, this conduct occurred after the
alleged retaliation and thus cannot serve as evidence that Orion engaged in
retaliatory conduct with intent to cause substantial harm.  As a result, the jury could not have relied
on Seringer’s threat to infer a specific intent by Orion Marketing Group Inc.
to cause substantial injury or harm to Morris. 


The jury found that Orion
terminated Morris’s employment in violation of Section 451.001.  However, a violation of this statute is not
enough to support an exemplary damages award. 
See Continental Coffee, 937
S.W.2d at 453-54.  The record contains legally
insufficient evidence to produce, in the mind of the trier of fact, a firm
belief or conviction that the harm suffered by Morris resulted from
malice.  Therefore, Orion’s
issues numbers three and four, relating to the sufficiency of the evidence and
the award of exemplary damages, are sustained. 


Conclusion

Orion failed to establish that
the trial court’s actions, in submitting the instructions to Question One,
constitute reversible error.  The
evidence to support the jury’s finding of malice for exemplary damages was
legally insufficient.  Accordingly, we
reverse the trial court’s judgment in part and render a take-nothing judgment
as to Morris’s claim for exemplary damages.[4]  In all other respects, the trial court’s
judgment is affirmed. 

 

Rebecca Simmons, Justice

 








 











[1] The jury apparently noted a “Yes” at the
end of subsection (a) of Question One.  

 





[2] These factors were established in Continental Coffee Products Company v.
Cazarez, 937 S.W.2d 444, 451 (Tex.
1996), as circumstantial evidence of the causal link between the plaintiff’s
workers’ compensation claim filing and his employment termination.  





[3] Notably, Costello-Miller testified that
this email was from her but she did not write this statement.  Costello-Miller did not elaborate on the
content of the email.  





[4]
On appeal, Morris claims that Orion
would be solely entitled to a remand for a new trial because it first challenged
the legal sufficiency of the evidence in its motion for new trial.  However, the record reveals that Orion filed
a motion for judgment notwithstanding the verdict challenging the legal
sufficiency of the evidence two days prior to filing a motion for new
trial.  Both the motion for judgment
notwithstanding the verdict and the motion for new trial were denied by the
trial court.